# CASES DETERMINED

## IN THE

# SUPREME COURT OF ARKANSAS

ELDRED *v.* JOHNSON.

Opinion delivered April 1, 1905.

1. JUDGMENT—CONCLUSIVENESS.—Dismissal of a bill in equity brought by a landlord asking that a default judgment obtained by defendant against the plaintiff's tenant be set aside on account of fraud in its procure-ment, and that plaintiff be permitted to make defense thereto, but without asking the court to pass on plaintiff's title, was not a decision that plaintiff had no title or right to possession, and will not estop plaintiff or those holding under him from litigating that question. (Page 3.)

2. SAME—WHEN BINDING ON THIRD PERSON.—Where one person, respon-sible over to another, is notified by that other of the pendency of an action against him touching the subject-matter for which he is respon-sible, then the judgment will bind him, whether he appears or not, in any future action between him and the party to whom he is responsible. (Page 4.)

3. SAME—UPON WHOM BINDING.—The general rule is that judgments bind only parties to actions and persons in privity with them. (Page 5.)

4. EJECTMENT—RECOVERY AGAINST TENANT NOT BINDING ON LANDLORD.—A judgment in an ejectment suit against a tenant is not binding on the landlord as to the title if he was not made a party to the action, and did not appear therein. (Page 5.)

Appeal from Prairie Circuit Court.

GEORGE M. CHAPLINE, Judge.

Affirmed.

### STATEMENT BY THE COURT.

In 1893 A. H. Johnson was the owner of a tract of land in Prairie County containing about ninety-one acres. Johnson was a nonresident of the State, and the land was in the possession of his tenant, G. W. Miller. E. B. Eldred also claimed title to this land, and in April, 1893, he brought an action of ejectment against Miller, the tenant, who was in possession of the land. Miller made no defense, and a judgment by default was taken against

him at the September term of the Prairie Circuit Court for the. possession of the land. Afterwards Johnson brought suit in equity.to set the judgment aside, and to be allowed to defend his title, alleging that there was never any legal service on Miller, but that the attorney who represented Eldred procured the judgment by representing to the court that the return of the sheriff showed a legal service upon the defendant, Miller. He further alleged that he had no notice of the suit until after the term of court at which it was rendered, and had no opportunity to appear and defend. On the hearing this complaint was dismissed for want of equity. Subsequently he brought suit at law to recover the land, but took a nonsuit, and within a year afterwards this action was brought by his son and daughter, Johnson having died and they being his only heirs. Eldred, among other defenses, set up the two judgments above referred to as conclusive against the right of Johnson to recover. The circuit court overruled this contention, and gave judgment for the plaintiffs. Eldred appealed.

*P. C. Dooley* and *Wilson & Wall,* for appellants.

The action was properly brought and prosecuted. Sand. & H. Dig. § 2571; 30 Ark. 110; 32 Ark. 304; Sedg. & W. L. Titles, § 537; 1 Am. & Eng. Enc. Law, 419; 29 Ark. 99; 136 Ill. 135; 29 Ill. 553; 75 Ill. 139; 66 Ill. 439; 115 Ill. 289; 15 Wend. 427; 49 Ark. 397; 20 Ark. 251; 19 Ark. 447; 79 Me. 351; 104 Mich. 228; 46 Ill. 169; 116 Ind. 380; 47 Ill. 142; 139 Ill. 280; 45 Cal. 592; 36 Cal. 303; 21 Cal. 309; 53 Ga. 94; 46 Mo. 444; 36 Tex. 657. Appellee Johnson was estopped by her former suit. 54 Ark. 539; 49 Ark. 397; 12 Ark. 376; 24 Ark. 401; 142 U. S. 410; 152 U. S. 343; 89 Fed. 651; 33 La. Ann. 619; 102 N. Y. 452; 60 N. W. 806; 38 N. H. 806; 112 Ill. 168; 116 Ill. 99; 125 U. S. 698; 32 Pac. 348; 75 Ia. 646; 131 Mo. 607; 23 Neb. 844; 83 Va. 753; 48 Me. 140; 19 Ark. 420. The exceptions of appellant should have been sustained. 156 U. S. 691; 95 Ala. 514; 102 U. S. 415.

*John L. Ingram* and *George C. Lewis,* for appellees.

Appellant's chain of title was void. 22 Ark. 531. A judgment in ejectment against a tenant does not conclude the title of the landlord. 2 Black, Judg. § 577; Sedg. & W. Trial T.

393; 9 S. W. 239; 46 S. W. 55; 64 S. W. 570; 114 Ga. 1005; 115 Ala. 129; 126 Ind. 497; 5 Sneed, 105. The doctrine of *res judicata* does not apply. 24 Am. & Eng. Enc. Law, 768; 55 Ark. 286; 70 Ark. 200; 158 U. S. 216; 160 Ill. 631; 14 Mont. 31; 3. N. Dak. 220; 84 Fed. 103; 94 U. S. 608; Freem. Judg. § 276.

*P. C. Dooley* and *Wilson & Wall,* for appellants in reply.

The judgment against the tenant of Johnson was conclusive against Johnson. 20 Ark. 251; 19 Ark. 447; 5 Watts, 325; 79 Me. 351; 49 Me. 124; 27 Me. 530; 34 N. H. 187; 104 Mich. 228; 47 Ill. 142; 49 Cal. 213; 21 Cal. 309; 28 Cal. 151; 53 Ga. 94; 40 Mo. 444.

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment against the defendant in an action of ejectment. The judgment was clearly right unless the plaintiffs are estopped by certain judgments set out in the answer of the defendant. One of these judgments was a judgment for the recovery of the possession of this land rendered in an action brought by the defendant here against a tenant of the ancestor of plaintiffs, but to which action the ancestor was not made a party. The other judgment was rendered in an action in equity brought by the ancestor of plaintiffs to have this judgment against his tenant set aside on account of fraud in the procurement of it. The prayer of the complaint in this action in equity was that the judgment at law against the tenant for possession be set aside, and that the plaintiff be made a party to the suit at law, and be permitted to make defense thereto. The allegations of fraud were denied, and on the hearing this action was dismissed for want of equity. As the plaintiff in it did not ask the court to pass on his title, but only that it should set aside and vacate the judgment against his tenant rendered in the action at law, and permit plaintiff to defend his title in the action at law, it is plain that a decision that there was no equity in the complaint did not involve the question of title to this land; for there are many reasons why the court may have concluded that the action in equity could not be maintained, regardless of whether the plaintiff had title to the land or not. That judgment may have been based on the belief of the chancellor that the former judgment against the tenant was a valid judgment for the possession of

the land as against the tenant, and that there were no grounds for a court of equity to enjoin the enforcement of it; or it may have been based on the belief that, as plaintiff was not estopped by such judgment, he had adequate remedies at law, and that on that ground alone there was no occasion for the interposition of a court of equity. In any event, the judgment of dismissal was not a decision that the ancestor of the plaintiffs had no title and no right to the possession of the land, for the court was not asked to pass on those questions, and it did not estop plaintiffs from bringing this action, and the circuit court properly so held.

The next question is whether plaintiffs are estopped by the judgment in the action of ejectment brought by the defendant here against the tenant of their ancestor. Under our statute, ejectment, being a possessory action, may be brought against the tenant in possession; and where judgment for possession of the land is taken against the tenant, the landlord is bound by the judgment to the extent that he loses the possession of his land. Possession itself is often a valuable right, and, in order that the landlord may not lose possession without an opportunity to appear and defend his title, and that he may protect the interests of his tenant as well as of himself, the statute makes it the duty of the tenant to give notice of the action to the landlord. Kirby's Dig. § 4693. When the landlord is thus notified, it is his duty to defend the action for the tenant. If he fails to do so, there would be good reasons for holding that, in any future action between the tenant and the landlord growing out of the tenancy, the judgment of eviction against the tenant would be conclusive against the landlord; for where one person responsible over to another is notified by that other of the pendency of an action against him touching the subject-matter for which he is responsible, then the judgment will bind him, whether he appears or not, in any future action between him and the party to whom he is responsible. *Davis* v. *Smith,* 79 Me. 351; 2 Black on Judgments, § 574.

But while this rule might apply in an action between the landlord and the tenant for the rents, it would not apply in an action against him touching the subject-matter for which he is and was in no way bound. When the defendant in this case

brought an action of ejectment against the tenant of plaintiff's ancestor, the ancestor owed him no duty to appear and defend the action, and he has no right to set up this judgment against the tenant by default as an estoppel against the landlord or those claiming under him where he did not make the landlord a party to the action. It is true that there are decisions in other States which seem to hold that where the landlord is notified he is bound by the judgment against the tenant. But the general rule is that judgments bind only parties to actions and persons in privity with them. While there is a contractual relation between the landlord and tenant, the landlord does not hold under the tenant, and we see no reason why a judgment by default against the tenant in an action of ejectment to which the landlord was not a party should preclude him from setting up his title to the land. We believe the correct rule to be that a judgment against the tenant is not, so far as the title to the land is concerned, conclusive against the landlord, or those claiming under him, when he was not made a party to the action. *Samuel* v. *Dinkins,* 75 Am. Dec. 729; *Smith* v. *Gayle,* 58 Ala. 600; *Bradt* v. *Church,* 110 N. Y. 537; *Lochner* v. *Garborina,* 64 S. W. 570; Sedgwick & Wait, Trial of Title to Land, § 537.

Some courts make an exception to this rule where the landlord appears and assumes the defense of the action, and hold that he is then bound by the judgment. But the soundness of this exception is controverted by other cases which hold that there must be record evidence of his appearance in order to bind him. But we need not discuss that point, for neither the tenant nor the landlord appeared in the action brought by the defendant against the tenant of the ancestor of plaintiffs. The judgment was by default. This case furnishes a good illustration of the evil results that might follow from a rule that would hold a landlord bound by a judgment for land in an action to which he was not a party. Plaintiffs' ancestor, who owned this land, was a nonresident of the State, and had a tenant on the land holding for him. The defendant in this action brought an action of ejectment against the tenant, and recovered judgment by default for the possession of the land. The landlord had no personal notice of the action, though the tenant testified that he

notified the agent of the landlord, but the agent denied that this was so, and testified that he knew nothing of the action until after the judgment was rendered and the court adjourned. Admitting that the tenant did notify the agent, the proof shows that the landlord was not notified, and judgment was rendered by default, and yet defendant contends that the landlord was bound by this judgment in an action which he had no opportunity to defend. If that was the law, every nonresident landlord would be exposed to the danger of losing his land by collusion between his tenant and some other person who was willing to bring suit for it. A rule that would bind a landlord by a judgment to which he was not a party, on the mere oral testimony of the tenant that he had given him notice of the action, in our opinion, has little reason to support it, and would be very unjust to holders of real property. On the whole case, we are of the opinion that the judgment should be affirmed, and it is so ordered.