RITCHIE GROCER COMPANY *v.* TEXARKANA.

Opinion delivered July 14, 1930.

*Jones & Jones,* for appellant.

HUMPHREYS, J. This suit was brought in the circuit court of Miller County by appellant against appellee to recover $422.80, which amount represented city taxes collected for the years 1926 and 1927, and which were paid to appellee by the tax collector of Miller County, same being collected upon an alleged erroneous assessment of appellant's notes, credits and accounts. The alleged error consisted in the failure of appellant to deduct from the value placed upon said notes, credits and accounts it owed to others which exceeded in value the value of the notes, credits and accounts listed by appellant. The action is bottomed upon § 10180 of Crawford & Moses' Digest, which is as follows:

"In case any person has paid, or may hereafter pay, taxes on any property, real or personal, erroneously assessed, upon satisfactory proof being adduced to the county court of the fact, the said court shall make an order refunding to such person the amount of the county tax so erroneously assessed and paid, and, upon production of a certified copy of such order to the auditor, he shall draw his warrant on the State Treasurer for the amount of State tax erroneously assessed and paid."

The complaint alleged that appellant presented its petition and proof to the county court of Miller County

showing the erroneous assessment and collection of said taxes, and obtained an order upon appellee to refund same to it, and that it presented a certified copy of the order to appellee and demanded a return of said taxes, repayment of which was refused. A copy of the petition and order were attached and made a part of appellant's complaint.

Appellee filed a demurrer to the complaint which was sustained, and upon appellant's refusal to plead further, the court dismissed the complaint, from which is this appeal.

The question presented by the appeal for determination is whether appellant's complaint stated a cause of action. The demurrer concedes that appellant failed to deduct from the valuation of its notes, credits and accounts listed with the assessor for said years, the value of the notes, credits and accounts it owed to others. This deduction is allowable when assessing one's notes, credits and accounts under one of the provisions contained in § 9792 of Crawford & Moses' Digest. The net result of the failure of appellant to make this deduction amounted to an excessive valuation of its notes, credits and accounts. Section 10180 of Crawford & Moses' Digest, quoted above and made the basis of this action, does not relieve by way of a refund against excessive assessments, but only against erroneous assessments. This court has defined the distinction between an excessive assessment and an erroneous assessment as used in § 10180 of Crawford & Moses' Digest. In the case of *Clay County* v. *Brown Lumber Co.*, 90 Ark. 413, 119 S. W. 251, it was said that "the term, 'erroneous assessment,' as there used, refers to an assessment that deviates from the law and is therefore invalid, and is a defect that is jurisdictional in its nature; and does not refer to the judgment of the assessing officers in fixing the amount of the valuation of the property. If the property paid on was exempt from taxation, or if the property was

not located in the county, or if the tax was invalid, or if there was any clear excess of power granted, so as to make the assessment beyond the jurisdiction of the assessing officer or board, then the provisions of Kirby's Digest, § 7180 (Crawford & Moses' Digest, § 10180) give the owner a remedy for a refund of such taxes thus erroneously paid. But a remedy is not given by this section to the party aggrieved by reason only of an excessive assessment or overvaluation of his property." If appellant had listed notes, credits and accounts with the assessor which it did not own or control, then the assessment would have been erroneous. It, however, owned the notes, credits and accounts it listed and overvalued them by failing to deduct credits to which it was entitled. This failure did not constitute an erroneous assessment of them under § 10180 of Crawford & Moses' Digest.

No error appearing, the judgment is affirmed.