Larry Crane, Director Assessment Coordination Division Public Service Commission 1614 West Third Little Rock, Arkansas 72201
Dear Mr. Crane:
This is in response to your request for an opinion concerning several questions arising in the wake of Clark v. Union Pacific R.R. Co., 294 Ark. 586, 745 S.W.2d 600 (1988). You have posed four specific questions which will be answered seriatim below.
QUESTION 1: "Does the Clark decision apply only to the Wynne School district, in Cross County, or to other taxing units in the state?"
In response to this question, it should be noted that judgments are conclusive and binding only upon the parties to the action, and those in privity with them. Eldred v. Johnson, 75 Ark. 1,86 S.W. 670 (1905); Bierderman v. Parker, 105 Ark. 86, 150 S.W. 397
(1912); Thompson v. Southern Lumber Co., 113 Ark. 380,168 S.W. 1068 (1914). It is therefore my opinion that although the decision would be controlling law in a subsequent suit, (unless the court should take the rare action of overturning it), it does not "apply" to other taxing units in the state.
QUESTION 2: "Should the millage levy found inappropriate by the Supreme Court be discontinued and collection stopped after the Quorum Court has levied it?"
As noted above, the Union Pacific decision is controlling with respect to the Wynne School District. As such, it is bound by the court order to cease collection of the tax. Other taxing units, although not bound by court order, as a practical matter must take cognizance of the fact that the decision is now the law of Arkansas. Because of an aggrieved taxpayer in any such taxing unit could sue and in under the decision in Union Pacific, it is my opinion that levy and collection of the millage should be discontinued as soon as practicable.
QUESTION 3: "Concerning those taxing units which voluntarily place the `excess' personalty levies in escrow during the pendency of the Clark litigation, are they required to make refunds of the escrowed funds to taxpayers? If so, through what procedure?"
It is my opinion that taxing units other than the Wynne School District are not required by the decision in Union Pacific to refund escrowed personalty levies. A statutory provision governing procedure for refunding, however, may require refunds to individual taxpayers who can prove an erroneous assessment to the county court. That provision, 26-35-901, in subsection (1), provides:
 In case any person has paid taxes on any property, real or personal, erroneously assessed, upon satisfactory proof being adduced to the county court of the fact, the court shall make an order refunding to the person the amount of the county tax so erroneously assessed and paid.
If an individual taxpayer can prove to the county court that a millage has been levied and paid in violation of Amendment 59, and the Union Pacific decision, then it appears that the taxpayer would be entitled to a refund of the tax paid under 26-35-901. That provision, however, refers only to "county tax[es]" erroneously paid, although the Arkansas Supreme Court has at least once failed to utilize this distinction. See, Ritchie Grocer Co. v. Texarkana, 182 Ark. 137, 30 S.W.2d 213 (1930). Thus, if the taxing unit is a county, refunds may be required upon proof of erroneous payment by individual taxpayers.
QUESTION 4: "Under Amendment 59, the definition of what entities constitute `taxing units' for purposes of equalization between real and personal millage rates is rather vague. In your opinion, what entities constitute `taxing units'; just cities, counties, school districts and community college districts, or might the levies of libraries, policemen's pension funds, firemen's pension funds and any other `entities' having the authority to levy millages through a separate board, with or without a vote of the people, qualify?"
It is my opinion that the phrase "taxing unit" found in Amendment 59 refers only to cities, towns, counties, school districts, and community college districts. This conclusion is reached in part by the wording of the Amendment, which now appears in the text of the Constitution at Art. 16, 14, providing in pertinent part:
 Whenever a county wide reappraisal or reassessment of property . . . shall result in an increase in the aggregate value of taxable real and personal property in any taxing unit in this state of ten percent (10%) or more over the previous year the rate of city or town, county, school district, and community college district taxes . . . shall . . . be adjusted or rolled back.
Although the provision could, at first blush, lead itself to various interpretations, it appears that it is applicable only to the taxing entities specifically listed. This conclusion is consistent with the Supreme Court's application of the "ejusdem geveris" doctrine in Fagan Electric Co., Inc. v. Housing Authority of the City of Blytheville, 216 Ark. 932, 28 S.W.2d 39 (1950).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.