Bruce RUTHERFORD, County Judge Benton County,
Arkansas *v.* Robert W. BARNES

92-1083                                        847 S.W.2d 689

Supreme Court of Arkansas
Opinion delivered February 22, 1993

*George R. Spence*, Deputy Prosecuting Att'y, for appellant.

*George, Morris & Spivey*, by: *David C. George*, for appellee.

ROBERT L. BROWN, Justice. Appellant Bruce Rutherford, who is the county judge of Benton County, urges reversal of a real and personal property tax refund in the amount of $2,544.94 in favor of appellee Robert W. Barnes, a disabled veteran, on the basis that Barnes did not claim an exemption from the taxes for the applicable years in timely fashion. The argument is persuasive, and we reverse.

Appellee Barnes is a resident of Benton County, Arkansas, where he owns real and personal property in Bella Vista Village. The real property has been his homestead since 1980, and he has paid real estate taxes on it since that time. He has also paid personal property taxes. Barnes is a disabled veteran who has been awarded special monthly compensation by the Veterans Administration for the loss of, or the loss of use of, one or more limbs. His disability has existed since World War II.

Special tax provisions are made for disabled veterans under Ark. Code Ann. § 26-3-306 (Repl. 1992):

(a)(1)(A) A disabled veteran who has been awarded

> special monthly compensation by the Department of Veterans Affairs for the loss of, or the loss of use of, one (1) or more limbs, or total blindness in one (1) or both eyes, or for service-connected one hundred percent (100%) total and permanent disability shall be exempt from payment of all state taxes on the homestead and personal property owned by the disabled veteran. . . .

> . . .

> (b)(1)(A) A disabled veteran eligible for the exemption provided in this section and desiring to claim an exemption shall furnish to the collector a letter from the Department of Veterans Affairs verifying the fact that he is in receipt of special monthly compensation for the loss of, or the loss of use of, one (1) or more limbs, or total blindness in one (1) or both eyes, or for service-connected one hundred percent (100%) total and permanent disability.

On February 10, 1990, after submitting a request for a letter in accordance with the statute, Barnes received Form 20-5455 from the Veterans Administration, certifying that he met the eligibility requirements for the exemption. Barnes then presented the form to the Benton County Collector and claimed any exemption to which he was entitled.

The Benton County Collector responded by letter that the appellee was exempted from paying 1989 property taxes and that the exemption would continue on a year-to-year basis, if the VA form were furnished annually. In 1991, Barnes delivered a new VA Form 20-5455 to the collector to cover the 1990 tax exemption. Barnes also made a verbal request for the refund of taxes for previous years, which the collector denied.

Barnes next met with the appellant, Benton County Judge Bruce Rutherford, and presented a written request for a refund of taxes paid for the years 1980 through 1988. The county judge agreed that Barnes was entitled to a refund of property taxes paid for the past three years (one of which — 1989 — had already been exempted) and that a refund of taxes for 1987 and 1988 would be ordered.

Subsequently, the county judge ordered a refund of $1,181.81 in real and personal property taxes for 1987 and 1988,

and it was paid. No other refund of property taxes paid by Barnes has been made.

Barnes filed a petition for declaratory relief and mandamus to direct the county judge to refund property taxes paid for the years 1980 through 1986, which amounted to $2,544.94, plus interest. The county judge responded that Barnes had not claimed the necessary exemptions and was barred from seeking a refund for overpayment of taxes by the three-year limitations period.

Barnes then filed a motion for summary judgment. The circuit court granted Barnes the relief requested and found that "all parties have acted reasonably and in good faith in their respective actions and legal positions." The court concluded that "there is no limitation period provided by law which would apply to refunding of property taxes collected during years in which the property owner was actually exempt from tax. . . . If the legislature has not specifically limited a right of action, the Court cannot do so." The court awarded judgment in the amount of $2,544.94, with no interest.

County Judge Rutherford urges on appeal, as his primary point, that Barnes paid the taxes for the previous years in question and did not claim an exemption for those years under Ark. Code Ann. § 26-3-306(b)(1)(A). Without a claimed exemption, according to the appellant, there can be no certainty or finality regarding such taxes. Stated another way, Barnes paid the real and personal property taxes for the years 1980 through 1986 voluntarily and claimed no exemption for any one of those years in which he paid.

We have adopted in this state the common law rule that taxes voluntarily paid are not recoverable. *City of Little Rock* v. *Cash*, 277 Ark. 494, 644 S.W.2d 229 (1982) *cert. denied* 462 U.S. 1111 (1983). *Thompson* v. *Continental Southern Lines, Inc.*, 222 Ark. 108, 257 S.W.2d 375 (1953). In both *Cash* and *Thompson*, we quoted from Cooley, *The Law of Taxation*, Ch. 20, § 1282, in establishing the common law rule:

> It is well settled that if the payment of a tax is a voluntary payment, it cannot be recovered back, except where a recovery is authorized by the provisions of a governing

statute regardless of whether the payment is voluntary or compulsory. . . . Where voluntary payments are not recoverable, it is immaterial that the tax or assessment has been illegally laid, or even that the law under which it was laid was unconstitutional. The principle is an ancient one in the common law, and is of general application. Every man is supposed to know the law, and if he voluntarily makes a payment which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as a reason why the State should furnish him with legal remedies to recover it back. Ignorance or mistake of law by one who voluntarily pays a tax illegally assessed furnishes no ground of recovery.

*Cash*, 277 Ark. at 503-504, 644 S.W.2d at 232; *Thompson*, 222 Ark. at 115, 257 S.W.2d 379.

Here, Barnes voluntarily paid his taxes for the years 1980 through 1986, and claimed no exemption for any one of those years. He is presumed to have known the law and his rights under the law. Accordingly, the decision of the circuit court is reversed, and the writ of mandamus is vacated.