The Honorable Shane Broadway State Representative 201 S.E.2d Street Bryant, Arkansas 72022-4025
Dear Representative Broadway:
This is in response to your request for an opinion on the following question:
 Under A.C.A. § 26-3-306 disabled veterans shall be exempt from payment of all state taxes on homestead and personal property taxes. If the veteran is declared disabled by the Veterans' Administration following the October 10 deadline for tax payment, are his/her homestead or personal property taxes exempt for that year? If so, are they exempt on a pro-rata basis? If yes, how is the penalty for non-payment handled? Does it matter if taxes have already been paid by said veteran or by his/her mortgage company? If declared exempt prior to the October 10 deadline, does it make a difference?
RESPONSE
In my opinion the answer to your first question is "no." The answer to your second question is therefore unnecessary and is in any event "no." The answer to your third question is unnecessary in light of my responses above, but in my opinion the penalty will attach. The answer to your fourth question is unnecessary in light of the responses above, but if, in any event, taxes have already been voluntarily paid, they can not be refunded. The answer to your final question is "no," unless and to the extent the veteran was declared exempt prior to the lien date of the tax year for which taxes are due.
Some preliminary discussion is necessary before I separately set out and address your five questions. The tax exemption to which you refer is codified at A.C.A. § 26-3-306 (Repl. 1997) and it exempts certain veterans from payment of "state taxes" on the homestead and personal property owned by the veteran or his or her surviving spouse and children.[1] In my opinion the "October 10 deadline" is not the important date for determining whether taxes on property owned by a veteran are due. The more important date is the first Monday in January, which is when the lien for the payment of a particular years taxes attaches to the property. Section 26-34-101 (b) of the Arkansas Code provides in pertinent part as follows:
 All taxes assessed shall be a lien upon and bind the property assessed from the first Monday of January of the year in which the assessment shall be made and shall continue until the taxes, with any penalty which may accrue thereon, shall be paid.
In Arkansas taxes are collected by October 10 of the year after the year they are assessed and the lien attaches. See A.C.A. § 26-35-501 (Repl. 1997). For example, the lien for 1998 taxes attaches on the first Monday in January 1998, but they are payable anytime before October 10, 1999. The lien for 1999 taxes attaches on the first Monday in January 1999 but they are payable anytime before October 10, 2000, and so forth. Seegenerally, Op. Att'y. Gen. 89-350. Once the lien attaches, the taxes are payable. This point was discussed in an Opinion issued by my predecessor, which involved the purchase of property by a qualified veteran. See Op. Att'y Gen. 93-087. I have enclosed a copy of that opinion for your review, which also cites a much earlier Opinion (No. 81-022) to the same effect. As noted in Opinion 93-087:
 If the property is taxable as of this date [the first Monday in January], the lien will attach and bind the property. If the property is not taxable as of this date (i.e. held by an exempt entity), there is authority for the proposition that the lien will not attach. Cf. Hubble v. Grimes, 211 Ark. 49, 199 S.W.2d 313 (1947) and Duncan v. Board of Directors of Newport Levee District, 206 Ark. 1130, 178 S.W.2d 660 (1944).
Id. at 3.
There are two separate statutes that discuss and provide for either the proration of taxes or their nonpayment where a veteran or exempt entitysells property. See A.C.A. § 26-3-306(a)(1)(A) (pro rating the taxes for a year in which a veteran sells his home to a nonexempt person or entity so that the veteran will owe no tax); and A.C.A. § 26-26-1107(a) (Repl. 1997) (exempting, for that entire year, property sold by an exempt entity after January 1 of that year). These statutes involve the sale of property by a veteran or other exempt entity to a non-exempt person or entity. This is not the situation you present. Your questions inquire, rather, once the veteran is actually declared exempt, at what point the exemption applies to his property.
Question 1 — If the veteran is declared disabled by the Veterans'Administration following the October 10 deadline for tax payment, arehis/her homestead or personal property taxes exempt for that year?
In my opinion the answer to this question is "no." I assume from your question that the veteran was declared disabled sometime after October 10 of one year and before January 1 of the next year.[2] The October 10 deadline, for whatever year taxes your question refers, was for payment of the previous year taxes. For example, if your question refers to the most recent October 10 deadline (in October 10, 1999) the taxes payable by that date were the 1998 taxes. Clearly, the veteran in question, if not declared disabled until late 1999, is not entitled to a tax exemption for 1998 taxes. If he failed to pay these taxes by October 10, 1999 the taxes are delinquent. It is my further opinion that such a veteran would not be entitled to a tax exemption for the 1999 taxes due and payable before October 10, 2000. If he was not exempt from payment of taxes on the first Monday of January 1999 (the date the lien for 1999 taxes attached) the taxes are due and owing for that year. There is no provision of law that operates to relieve the veteran from payment of these taxes.
Question 2 — If so, are they exempt on a pro-rata basis?
It is unnecessary to address this question in light of my response above. I will note, however, that there is no statutory or constitutional provision authorizing the "proration" of taxes under the circumstances you suggest.
Question 3 — If yes, how is the penalty for non-payment handled?
It is unnecessary to answer this question in light of my responses above. I will note, however, that if the October 10 deadline passed for payment of taxes for a year in which the veteran was not exempt by the lien date, those taxes are delinquent.
Question 4 — Does it matter if taxes have already been paid by saidveteran or by his/her mortgage company?
It is unnecessary to address this question, as I have concluded above that the veteran is not exempt under the circumstances you describe. I will note, however, that taxes voluntarily paid by a veteran, without claiming the exemption in A.C.A. § 26-3-306 are not recoverable. SeeRutherford v. Barnes, 312 Ark. 177, 847 S.W.2d 689 (1993).
Question 5 — If declared exempt prior to the October 10 deadline, does itmake a difference?
See discussion above. The veteran must be "declared exempt" before the first Monday in January of the particular year for which taxes are due —e.g., by the first Monday in January 1999 for the 1999 taxes due and payable by October 10, 2000, by the first Monday in January 2000 for the 2000 taxes due and payable by October 10, 2001, etc.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] It should be noted that my predecessor has on more than one occasion noted that this exemption, not being provided for in the Arkansas Constitution itself, is constitutionally suspect under art. 16, § 6. See Ops. Att'y. Gen. No. 91-265; 92-084 n. 1; 93-087; 93-385 n. 1; 93-438 n. 1; and 95-408 n. 1. The reference to "state taxes" is unclear. It may have had reference to "state" as opposed to city or county ad valorem taxes when originally passed in 1953. That was before the abolition of state ad valorem taxes by Amendment 47 in 1958. The legislature has, has on numerous occasions, however, amended the statute since the passage of Amendment 47, suggesting that the statute has applicability to more than just "state" taxes.
[2] Your question states that the veteran was "declared disabled" by the Veterans' Administration following the October 10 deadline. I assume by this statement, for purposes of this opinion, that the effective date of the declaration is also after the October 10 deadline. It is not unusual, according to my understanding, for such a declaration to be retroactive in nature and to declare the disability as having been present prior to the date of the declaration. The important date in this regard is the date the disability is declared to have arisen, whether it precedes or is coextensive with the date the declaration is issued.