SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV–14–40

| | |
|---|---|
| OUTDOOR CAP CO., INC. <br> APPELLANT <br><br> V. <br><br> BENTON COUNTY TREASURER, BENTON COUNTY ASSESSOR, AND BENTON COUNTY TAX COLLECTOR <br> APPELLEE | **Opinion Delivered** December 18, 2014 <br><br> APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CIV-2012-2387-4] <br><br> HONORABLE JOHN RUSSELL SCOTT, JUDGE <br><br> <u>AFFIRMED</u>. |

**KAREN R. BAKER, Associate Justice**

This appeal arises from a dispute over a refund of ad valorem taxes. Appellant, Outdoor Cap Co., Inc. ("Outdoor Cap") was founded in 1976 and is a headwear company with its headquarters and largest distribution center located in Bentonville, Arkansas, in Benton County. Outdoor Cap has been paying ad valorem personal-property taxes in Benton County since 1976. In 2011, Outdoor Cap sought a refund from the appellee, Benton County Treasurer, Benton County Assessor, and the Benton County Tax Collector ("Benton County") of certain taxes which Outdoor Cap contended that it was entitled to pursuant to Ark. Code Ann. § 26-26-1102 (Repl. 2012). Specifically, this appeal stems from Outdoor Cap seeking a refund of certain taxes paid in 2008 and 2009 for a total of $247,143.02. Benton County opposed the refund. The parties agree that Outdoor Cap is a manufacturer and is entitled to the "manufacturer's exemption" or the "Freeport exemption" pursuant to Ark. Code Ann. § 26-26-1102. The parties dispute whether Outdoor Cap is

SLIP OPINION

entitled to a refund of the 2008 and 2009 taxes that Outdoor Cap asserts were exempt under the "manufacturer's exemption" and that the taxes were erroneously assessed.

After the Benton County Assessor's Office denied Outdoor Cap's request for a refund, on October 4, 2012, Outdoor Cap filed a petition for tax refund in the County Court of Benton County, and Benton County responded. On November 30, 2012, the County Court denied Outdoor Cap's petition for tax refund. On December 13, 2012, Outdoor Cap appealed the denial to the Benton County Circuit Court. On January 2, 2013, Outdoor Cap filed its complaint in the Benton County Circuit Court seeking reversal of the November 30, 2012 order and sought a refund of the alleged overpaid taxes. On January 11, 2013, Benton County answered the complaint and again, opposed the tax refund. The parties filed competing motions for summary judgment and timely responded and replied. On August 28, 2013, the circuit court conducted a hearing and on September 12, 2013, the circuit court granted Benton County's motion for summary judgment and denied Outdoor Cap's motion for summary judgment, finding that Outdoor Cap was not entitled to a refund of any portion of the 2008 and 2009 personal-property taxes it had paid.

From that order, on January 10, 2014, Outdoor Cap timely appealed to the court of appeals and on September 23, 2014, we assumed jurisdiction of this case. Outdoor Cap presents three points on appeal: (1) whether the circuit court erred in finding that the personal-property tax was not "exempt" from taxation; (2) whether the circuit court erred in determining the personal property was not erroneously assessed; and (3) whether the circuit court erred in applying the voluntary payment doctrine.

SLIP OPINION

I. *Standard of Review*

We have ceased referring to summary judgement as a "drastic" remedy and now simply regard it as one of the tools in the trial court's efficiency arsenal. *Laird v. Shelnut*, 348 Ark. 632, 641, 74 S.W.3d 206, 211 (2002). A summary judgment should be granted only when the state of the evidence as portrayed by the pleadings, affidavits, discovery responses, and admissions on file is such that the nonmoving party is not entitled to a day in court, i.e., when there is not any genuine remaining issue of material fact and the moving party is entitled to judgment as a matter of law. *Wallace v. Broyles*, 332 Ark. 189, 961 S.W.2d 712 (1998). "Normally, on a summary-judgment appeal, the evidence is viewed most favorably for the party resisting the motion and any doubts and inferences are resolved against the moving party, but in a case where the parties agree on the facts, the appellate court simply determines whether the appellee was entitled to a judgment as a matter of law." *City of Little Rock v. Pfeifer*, 318 Ark. 679, 887 S.W.2d 296 (1994).

Additionally, this case presents an issue of statutory interpretation. Issues of statutory construction are reviewed de novo on appeal, and it is for the appellate court to determine the meaning of a statute. *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999). The appellate court is not bound by the circuit court's interpretation, but in the absence of a showing that the circuit court misinterpreted the law, the trial court's interpretation will be accepted as correct. *Id.* We construe the statute so that no word is left void, superfluous, or insignificant, and we give meaning and effect to every word in the statute, if possible. *Miller v. Enders*, 2013 Ark. 23, at 6–7, 425 S.W.3d 723, 726–27.

SLIP OPINION

II. *Points on Appeal*

A. Whether The Circuit Court Erred in Finding That the
Personal-Property Tax Was Not Exempt From Taxation

For its first point on appeal, Outdoor Cap contends that the circuit court erred in finding that the personal-property tax was not "exempt" from taxation. Citing to Ark. Code Ann. § 26-26-1102(b)(1)(A)–(B) (Repl. 2012) and *Omega Tube & Conduit Corp. v. Maples*, 312 Ark. 489, 850 S.W.2d 317 (1993), Outdoor Cap contends that its personal property is subject to the manufacturer's exemption, also known as the "Freeport" or "no situs" law. Thus, it contends that the property at issue was exempt from taxation and that the tax at issue was void and should be refunded.

Outdoor Cap first contends that the property is exempt from taxation pursuant to "the manufacturer's or Freeport exemption" Ark. Code Ann. § 26-26-1102(b)(1)(B). Because the property is exempt, the tax must be rendered void because article 16, section 6, of the Arkansas Constitution provides that all other laws outside of Arkansas's Constitution which exempt property from taxation are void. Accordingly, Outdoor Cap contends that the property is not subject to taxation, is "exempt" from taxation, the taxes are void, and it is entitled to a refund on the 2008 and 2009 years.

Benton County responds that the "manufacturer's exemption" applies to the taxes at issue, but does not create an "exemption" from taxation. Rather, the property is in transit and will be taxed where the item is eventually sold. It further responds that the property is not "exempt" from taxation and a valid tax. Rather than "exempt," Benton County

SLIP OPINION

contends that Ark. Code Ann. § 26-26-1102(b)(1)(B) statutorily creates an exception for property in transit to be taxed while being manufactured and the property does not attain "tax situs" allowing it to be taxed in Arkansas. Stated differently, the statute does not create exemption status for the property but creates an exception to attaining tax situs. Benton County further responds that *Omega Tube* is controlling and that the circuit court correctly denied the refund.

Outdoor Cap replies that based on *Omega Tube* the property at issue is free from taxation by virtue of not acquiring "situs" in Arkansas and cannot be taxed, and thus a refund is appropriate.

At issue is the circuit court's September 12, 2013 order, in which the circuit court held,

> The personal property at issue here is not exempt. It is not to be assessed because it acquires "no situs in this State." ARK. CODE ANN. § 26-26-1102(b)(1)(B). If it were to stay in Arkansas, acquire a situs, it would be assessed for taxation. The Defendants have jurisdiction for — tax purposes. The Plaintiff's error is not a deviation from law.
>
> It is well settled that every taxpayer is charged with knowledge of the law and that a voluntary payment of personal property taxes which the law would not require to be paid, does not provide a basis for a refund of personal property taxes paid by the taxpayer. The Plaintiff paid the 2008 and 2009 personal property taxes as a result of its own error, and therefore is not entitled to a refund of those tax payments. *Rutherford vs. Barnes*, 312 Ark. 177, 847 S.W.2d 689 (Ark., 1993); and *Omega Tube . . .* , 850 S.W.2d 317, 312 Ark. 489( Ark., 1993).
>
> The statute at issue, Ark. Code Ann. § 26-26-1102 provides in pertinent part:
>
> (a) All real estate and tangible personal property shall be assessed for taxation in the taxing district in which the property is located and kept for use.
>
> (b)(1)(A) Tangible personal property in transit for a destination within this state shall

be assessed only in the taxing district of its destination.

(B) Tangible personal property in transit through this state, including raw materials from within or outside this state used in the manufacturing process and tangible personal property manufactured, processed, or refined in this state and stored for shipment outside the state, shall, for purposes of ad valorem taxation, acquire no situs in this state and shall not be assessed for taxation in this state.

(C) The owner of tangible personal property in transit through this state and of tangible personal property in transit for a destination within this state may be required, by the appropriate county assessor, to submit documentary proof of the in-transit character and the destination of the property.

In *Omega Tube*, we interpreted Ark. Code Ann. § 26–26–1102 which contained the same language in our current statute, and the statute's application to certain materials. We held,

> Given the ambiguity of the Statute, our understanding of the intent of the General Assembly, and the interpretation and application given to § 26–26–1102 by officials, we hold § 26–26–1102 exempts from ad valorem taxation raw materials shipped to Arkansas for inclusion in tangible personal property manufactured, processed, or refined here for shipment outside the state.

*Omega Tube*, 312 Ark. at 497, 850 S.W.2d at 321.

In *Omega Tube*, we also issued a supplemental opinion and denied Pulaski County's petition for rehearing, and we further explained our interpretation of Ark. Code Ann. § 26–26–1102 and held:

> Pulaski County argues our opinion is contrary to Ark. Const. art. 16, §§ 5 and 6. The County, again citing *Eoff v. Kennefick–Hammond Co.*, 80 Ark. 138 (1906), says we misused the terms "exempt" and "exemption" as only certain property listed in the Constitution may be "exempted" from taxation.
>
> In the *Eoff* case, in addition to the Commerce Clause issue, we interpreted a statute now codified as Ark. Code Ann. § 26-3-201 (Repl. 1992) which, in relevant part, provides, "All property, whether real or personal, in this state; . . . shall be subject to taxation." We held property brought to Arkansas to use in construction of a railroad

was not in transit but acquired a tax situs here. We did not have before us Act 269 of 1969 [Ark. Code Ann. § 26–26–1102 (Repl. 1992) ].

*It was not our intention to declare the property in question "exempt" in the constitutional sense; rather, according to § 26-26-1102, it does not attain a tax situs in Arkansas.*

*Id.* at 499, 850 S.W.2d at 322 (emphasis added).

Accordingly, based on *Omega Tube*, we have previously examined this statute at issue and held that the manufacturer's exemption according to Ark. Code Ann. § 26-26-1102 means that the property does not attain a tax situs in Arkansas. We further held that the property was not exempt in the constitutional sense. Thus, we agree with Benton County that *Omega Tube* is on point. The property at issue here is not exempt but rather, as in *Omega Tube*, the property does not attain a tax situs in Arkansas. Accordingly, based on our standard of review, we affirm the circuit court on this first point.

### B. Whether The Circuit Court Erred in Determining the Personal Property Was Not Erroneously Assessed

For its second point on appeal, Outdoor Cap alternatively asserts that it is due a refund of the taxes and that the circuit court erred in finding that the taxes were not erroneously assessed. Outdoor Cap contends that the property at issue was erroneously assessed because the property did not acquire tax situs in Arkansas and was misclassified as taxable property. Outdoor Cap further contends that Ark. Code Ann. § 26-35-901 allows for refunds for erroneously assessed property and its property falls within the definition of "erroneous assessment" in Ark. Code Ann. § 26-28-111(c) and is therefore entitled to a refund.

Benton County responds that if Outdoor Cap's property was erroneously assessed, it

is entitled to a refund. However, Benton County contends that the property was not

"erroneously assessed" but rather, Outdoor Cap overvalued its property and failed to claim

a credit it was due for the tax period at issue. Stated differently, if Outdoor Cap had properly

identified its property as being in transit for the relevant time periods, it would not have

acquired tax situs and not been taxed. Benton County further responds that Ark. Code Ann.

§ 26-35-901 allows for refunds for "erroneously assessed" property and Ark. Code Ann. § 26-

28-111(c) defines "erroneous assessment," which does not include the property at issue.

At issue is the circuit court's order which states in pertinent part:

> The Plaintiffs error in completing the personal property tax assessment form is analogous to the tax payer's error committed in the case of *Ritchie Grocer Co. vs. City of Texarkana*, 30 S.W.2d 213, 182 Ark. 137 ( Ark. 1930). *Ritchie Grocer Co.* paid personal property tax on its notes, credits, and accounts, and failed to reduce the value of the property by the amount of notes, credits, and accounts it owed to others. In an action seeking a refund, the Arkansas Supreme Court held that an "erroneous assessment" was one which:

>> deviates from the law and is therefore invalid, and is a defect that is jurisdictional in nature, and does not refer to the judgment of the assessing officers in fixing the amount of the valuation of property. *Id*, at 214-215. If appellant had listed notes, credits, and accounts with the assessor which it did not own or control, then the assessment would have been erroneous. It, however, owned the notes, credits, and accounts it listed, and overvalued them by failing to deduct credits to which it was entitled. This failure did not constitute an erroneous assessment of them under section 10180 of Crawford & Moses' Digest. *Id*. at p. 215.

> . . .

> The personal property at issue here is not exempt. It is not to be assessed because it acquires "no situs in this State." ARK. CODE ANN. § 26-26-1102(b)(1)(B). If it were to stay in Arkansas, acquire a situs, it would be assessed for taxation. The Defendants have jurisdiction for —tax purposes. The Plaintiff's error is not a deviation from law.

SLIP OPINION

Turning to the applicable statutes, Ark. Code Ann. §§ 26–35–901 and 26–28–111(c),

we first review Ark. Code Ann. § 26–28–111, "Manner of correcting errors." Subsection (c)

provides:

> (c) The provisions of this section shall be applicable only to the correction of actual and obvious errors on the tax books and related records, with such errors being restricted to extension errors, erroneous property descriptions, classifications, or listings, and *shall not be utilized to make any change in the valuation of any real or personal property as shown on the tax books and related records* other than a change in valuation necessitated by the correction of actual and obvious errors as provided in this section. In no case shall any reduction in the valuation of any real or personal property be made, except such as shall have been ordered by the county equalization board, the county court, the circuit court, or the Supreme Court, or be caused by the correction of actual and obvious errors as provided in this section.

*Id.* (emphasis added).

Once an error has been identified, the error shall be corrected pursuant to Ark. Code

Ann. § 26–35–901, which provides:

> (a)(1) When any person has paid taxes on any real property or personal property, erroneously assessed, as defined and described in § 26–28–111(c), upon satisfactory proof being adduced to the county court of this fact, the county court shall make an order directed to the county treasurer refunding to the person the amount of tax so erroneously assessed and paid.
>
> (2) All erroneous assessment claims for property tax refunds shall be made within three (3) years from the date the taxes were paid.
>
> (b) The general fund of the county shall be reimbursed by transfer to it from funds of the respective taxing units, and the amount contributed by each taxing unit shall be the amount of the erroneous payment received by the taxing unit.

As both parties note, in *Ritchie Grocer Co. v. City of Texarkana*, 182 Ark. 137, 30

S.W.2d 213(1930), we interpreted the term "erroneous assessment" and the difference

between an "excessive assessment" and "erroneous valuation" by the taxpayer. In that case,

we explained:

> This court has defined the distinction between an excessive assessment and an erroneous assessment as used in section 10180 of Crawford & Moses' Digest. In the case of *Clay County v. Brown Lumber Co.*, 90 Ark. 413, 119 S. W. 251, 253, it was said that "the term 'erroneous assessment,' as there used, refers to an assessment that deviates from the law and is therefore invalid, and is a defect that is jurisdictional in its nature, and does not refer to the judgment of the assessing officers in fixing the amount of the valuation of the property. If the property paid on was exempt from taxation, or if the property was not located in the county, or if the tax was invalid, or if there was any clear excess of power granted, so as to make the assessment beyond the jurisdiction of the assessing officer or board, then the provisions of Kirby's Dig. § 7180 [Crawford & Moses' Digest, section 10180] give the owner a remedy for a refunding of such taxes thus erroneously paid; but a remedy is not given by this section to the party aggrieved by reason only of an excessive assessment or overvaluation of his property." If appellant had listed notes, credits, and accounts with the assessor which it did not own or control, then the assessment would have been erroneous. It, however, owned the notes, credits, and accounts it listed, and overvalued them by failing to deduct credits to which it was entitled. This failure did not constitute an erroneous assessment of them under section 10180 of Crawford & Moses' Digest.

*Ritchie Grocer Co.*, 182 Ark. at 138–39, 30 S.W.2d at 214.

Here, Outdoor Cap's situation is analogous to Ritchie Grocer Co.'s. Outdoor Cap failed to identify the property at issue as property that was "in transit" or eligible for the manufacturer's exemption and therefore overvalued its property. The property was not erroneously assessed or misclassified by the the Benton County tax assessor and the failure to properly classify the property as in transit rested with the taxpayer. Accordingly, based on our standard of review, we cannot say the circuit court erred and we affirm the circuit court on this second point.

### C. Whether The Circuit Court Erred in Applying the Voluntary Payment Doctrine

For its third point on appeal, Outdoor Cap contends that the circuit court erred in its

10

application of the voluntary payment doctrine. Outdoor Cap asserts that *Omega Tube* does not directly answer Outdoor Cap's argument because, in that case, this court summarily applied the voluntary payment doctrine in one sentence. Outdoor Cap further contends that it is entitled to a tax refund for erroneously assessed taxes based on refunds available through Ark. Code Ann. § 26-35-901(a). Finally, Outdoor Cap asserts that its payment of taxes was not voluntary but was made under coercion because, if the taxes were not paid, Benton County had the authority to take and sell Outdoor Cap's property for failing to file and pay taxes.

Benton County responds that the circuit court correctly applied the voluntary payment doctrine because voluntarily paid taxes are not recoverable unless there is an exception where a statute allows recovery. Benton County contends that because there was not an erroneous assessment there is no statute that would allow for recovery. Benton County further responds that Outdoor Cap did not present its coercion argument to the circuit court and the argument is without merit because every taxpayer would have been "coerced" according to Outdoor Cap's argument because every taxpayer would be subject to penalties if its taxes weren't paid. Additionally, Benton County responds that Outdoor Cap's argument is without merit because every taxpayer is charged with knowledge of the law.

In the circuit court's order regarding the voluntary payment, the circuit court held:

> It is well settled that every taxpayer is charged with knowledge of the law and that a voluntary payment of personal property taxes which the law would not require to be paid, does not provide a basis for a refund of personal property taxes paid by the taxpayer. The Plaintiff paid the 2008 and 2009 personal property taxes as a result of its own error, and therefore is not entitled to a refund of those tax payments. *Rutherford vs. Barnes*, 312 Ark. 177, 847 S.W.2d 689 Ark., 1993); and *Omega Tube*.

In *Rutherford v. Barnes*, 312 Ark. 177, 847 S.W.2d 689 (1993), we explained the doctrine of voluntary payment:

> We have adopted in this state the common law rule that taxes voluntarily paid are not recoverable. *City of Little Rock v. Cash*, 277 Ark. 494, 644 S.W.2d 229 (1982) cert. denied 462 U.S. 1111(1983). *Thompson v. Continental Southern Lines, Inc.*, 222 Ark. 108, 257 S.W.2d 375 (1953). In both *Cash* and *Thompson*, we quoted from Cooley, The Law of Taxation, Ch. 20, § 1282, in establishing the common law rule:
>
> > It is well settled that if the payment of a tax is a voluntary payment, it cannot be recovered back, except where a recovery is authorized by the provisions of a governing statute regardless of whether the payment is voluntary or compulsory. . . . Where voluntary payments are not recoverable, it is immaterial that the tax or assessment has been illegally laid, or even that the law under which it was laid was unconstitutional. The principle is an ancient one in the common law, and is of general application. Every man is supposed to know the law, and if he voluntarily makes a payment which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as a reason why the State should furnish him with legal remedies to recover it back. Ignorance or mistake of law by one who voluntarily pays a tax illegally assessed furnishes no ground of recovery.
>
> *Cash*, 277 Ark. at 503–504, 644 S.W.2d at 232; *Thompson*, 222 Ark. at 115, 257 S.W.2d at 379.

*Rutherford*, 312 Ark. at 179, 847 S.W.2d at 691.

Here, Outdoor Cap voluntarily paid its taxes for the years 2008 and 2009, and did not claim a manufacturer's exemption for those years. It is presumed to have known the law and its rights under the law. Accordingly, we do not find error in the circuit court's application of the voluntary payment doctrine to Outdoor Cap's refund. Therefore, we affirm the circuit court on Outdoor Cap's third point on appeal.

Affirmed.

*Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, by: *Robert K. Rhoads*, for appellant.

*Clark & Spence*, by: *George R. Spence*, for appellees.