Cite as 2024 Ark. App. 326

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-23-12

| | |
|---|---|
| ELDON SUMMERFIELD AND REBECCA SUMMERFIELD<br><br>APPELLANTS<br><br>V.<br><br><br>SOUTHEASTERN FREIGHT LINES, INC.; AND DAVID WILLIAMS<br>APPELLEES | Opinion Delivered May 22, 2024<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-20-2399]<br><br><br>HONORABLE JOHN R. SCOTT, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Appellants Eldon and Rebecca Summerfield (the Summerfields) appeal the May 18, 2022 order of the Benton County Circuit Court granting summary judgment to appellees Southeastern Freight Lines, Inc. (Southeastern), and David Williams (Williams). The order dismissed with prejudice the Summerfields' negligence case against Williams and Southeastern and their negligent hiring, training, and supervision claims against Southeastern as well as the Summerfields' request for punitive and compensatory damages. On appeal, the Summerfields argue that this court should reverse the circuit court's order granting summary judgment. We disagree and affirm.

This case involves a workplace accident on December 23, 2019, in Gravette, Arkansas. At the time, Eldon Summerfield (Eldon) was employed as a forklift operator by

R&R Packaging, Inc., d/b/a R&R Solutions (R&R), and was loading and unloading highway trucks at one of R&R's warehouses. Williams was employed by Southeastern and was driving one of its highway trucks.

Williams backed his truck and tractor-trailer into a door at the R&R warehouse and "bumped" the dock.[1] There is conflicting testimony as to whether Williams set his air brakes, but Williams testified that it was his practice at the Gravette warehouse to chock his highway truck's wheels once parked at the loading dock. However, neither OSHA nor R&R permitted highway trucks to be loaded or unloaded after air brakes were heard to be deployed. Instead, each required a highway truck's wheels to be chocked—a wedge placed behind the wheels—before loading or unloading cargo.

Summerfield, who was about to go on break, placed a foot on the back-end of the trailer, keeping one foot on the dock before Williams exited his truck and chocked the wheels. Unaware that Summerfield was trying to board the trailer before Williams had stopped and chocked the wheels, Williams repositioned Southeastern's highway truck.[2] During this maneuver, Summerfield fell from the loading dock, sustaining injuries to his finger and arm.

---

[1]In the trucking industry, "bumping the dock" is a backing maneuver and occurs when the trailer hits the dock pad.

[2]Williams contends that he did so to permit a FedEx driver to back out of an adjacent parking space at R&R's loading dock.

On November 4, 2020, the Summerfields filed this case against Southeastern and John Does I–IX alleging negligence by Southeastern and its unknown driver who injured Eldon and caused damages to the Summerfields. After the circuit court dismissed without prejudice the Summerfields' first complaint stating causes of action for negligent hiring, negligent training, negligent supervision, negligent retention, direct liability at common law, and negligence against Southeastern, the Summerfields filed an amended complaint based on Williams's negligence. They alleged Southeastern was vicariously liable for Williams's alleged negligence and claimed Southeastern was directly liable for negligent hiring, negligent training, and negligent supervision. The Summerfields sought compensatory as well as punitive damages as a result of Williams's and Southeastern's willful and wanton conduct. Williams and Southeastern denied any liability.

After discovery, Williams and Southeastern moved for summary judgment. On May 4, 2022, the circuit court heard the motion. At the conclusion of the hearing, the circuit court ruled from the bench as follows:

> It is clear from the depositions of the witnesses that the actions and inactions of plaintiff, Mr. Summerfield and defendant, David Williams, that there is no issue of material fact as to what they did or did not do, given – in – in this situation.
>
> Because of the defendants' arguments, it is the finding of this Court that the defendant, Williams, did not breach any duty owed to the plaintiff, Mr. Summerfield. Based upon the actions of Mr. Summerfield and Mr. Williams; the policies of Mr. Summerfield's employer, R&R Packaging, and the defendant, Southeastern Freight Lines; and OSHA rules . . . it is the finding of this Court that Mr. Williams' duty to look around could not have arisen until after he exited his vehicle and chocked the tires.

Mr. Williams had no way to foresee someone getting on the edge of his trailer before he exited the vehicle and chocked the tires. Therefore, I'm going to grant the defendant's Motion for Summary Judgment as to all the plaintiff's claims.

The court's bench ruling was memorialized on May 18, 2022, when it entered an order granting summary judgment and dismissing the Summerfields' amended complaint, including all causes of action therein, with prejudice. The Summerfields timely appealed, but their argument on appeal is limited only to the dismissal of their negligence claim against Williams––not their negligent-hiring, training, and supervision claims against Southeastern or the circuit court's dismissal of their punitive-damages claims against Williams and Southeastern.

Our summary-judgment standard is well settled. Summary judgment may be granted only when there are no genuine issues of material fact to be litigated. *Greenlee v. J.B. Hunt Transp. Servs.*, 2009 Ark. 506, 342 S.W.3d 274. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *McGrew v. Farm Bureau Mut. Ins. Co. of Ark.*, 371 Ark. 567, 268 S.W.3d 890 (2007). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Greenlee*, *supra.*

Summary judgment is no longer regarded as a "drastic" remedy but instead merely "as one of the tools in the trial court's efficiency arsenal." *Outdoor Cap Co., Inc. v. Benton Cnty. Treas.*, 2014 Ark. 536, at 3, 453 S.W.3d 135, 138. On appellate review, this court determines if summary judgment was appropriate by deciding whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered.

*Greenlee*, *supra.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings but also on the affidavits and other documents filed by the parties. *Id.* As to issues of law presented, our review is de novo. *State v. Cassell*, 2013 Ark. 221, 427 S.W.3d 663.

Here, the circuit court correctly granted summary judgment because, as a pure matter of law, Williams owed Eldon no duty because Eldon's conduct was not reasonably foreseeable. It is undisputed that Eldon's conduct leading up to the incident violated both federal OSHA regulations and his employer's safety procedures. Indeed, his own employer's contemporaneous accident reports determined that Eldon was distracted and violated his employer's policy. Because Eldon's conduct leading up to the incident was outside the accepted practice both of the industry in general and that of this employer, there is no way Williams could have reasonably foreseen it. Further, the Summerfields introduced no evidence below showing that Williams could have foreseen Eldon's conduct.

Once a court finds that no duty of care is owed—whether it is because no duty can exist to guard against risks that cannot be reasonably foreseen or that no duty can arise until a person recognizes that a legal obligation is owed—summary judgment dismissing a negligence claim founded on the purported breach of that duty is appropriate. *See Mans v. Peoples Bank of Imboden*, 340 Ark. 518, 10 S.W.3d 885 (2000). To prevail on a claim of negligence, a plaintiff "must prove that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's

injuries." *Duran v. Sw. Ark. Elec. Coop. Corp.*, 2018 Ark. 33, at 6, 537 S.W.3d 722, 726. To this end, the "existence of a duty of care is crucial" in negligence claims. *Bennet v. Graves & Assocs., Inc.*, 2019 Ark. App. 99, at 3, 571 S.W.3d 528, 530. Such a duty can only arise "out of the recognition that the relation between individuals may impose upon one a legal obligation for the benefit of another." *Duran*, 2018 Ark. 33, at 6, 537 S.W.3d at 726. And whether a duty is owed to a plaintiff is a matter for the court to decide as a question of law. *Id.* at 7, 537 S.W.3d at 727. Of course, if no duty is owed, there can be no breach of that duty. *Fordyce Bank & Tr. Co. v. Bean Timberland, Inc.*, 369 Ark. 90, 97, 251 S.W.3d 267, 273 (2007).

The summary judgment dismissing the Summerfields' negligence claim was appropriate because no duty could have arisen as a matter of law; Eldon's conduct was not reasonably foreseeable; and Williams had no duty to guard against it. Accordingly, we affirm.

Affirmed.

GRUBER and WOOD, JJ., agree.

*The Law Office of Craig L. Cook*, by: *Jarid M. Kinder*; and *Walas Law Firm, PLLC*, by: *Breean Walas*, for appellants.

*Mayer LLP*, by: *Lauren O. Baber, J. Barrett Deacon*, and *Dylan O. Drummond*, pro hac vice, for appellees.