(100 South. 142)

### JERNIGAN et al. v. RAINER MERCANTILE CO. (4 Div. 61.)

(Supreme Court of Alabama. May 1, 1924.)

Estoppel ⊛➔68(2)—Plea of pendency of former action does not preclude defense in former action that plaintiff is without capacity to sue.

Plea of pendency of former action as ground for abatement of subsequent action does not acknowledge effectiveness of former action, and does not estop defendant from interposing special plea in former action that plaintiff is without capacity to sue.

Appeal from Circuit Court, Coffee County; Arthur B. Foster, Judge.

Action in ejectment by the Rainer Mercantile Company against Joe Jernigan and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

M. S. Carmichael, of Montgomery, and M. A. Owen, of Elba, for appellants.

A pending suit, although fatally defective and later dismissed on that account, will defeat a second suit on the same cause of action. Foster v. Napier, 73 Ala. 595; Jones v. McPhillips, 82 Ala. 102, 2 South. 468; Orman v. Lane, 130 Ala. 305, 30 South. 441.

---

⊛➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

There must be a real inconsistency in the attitude of a party before he is estopped. 21 Cyc. 1066.

W. W. Sanders, of Elba, for appellee.

The conduct of appellants in the second action in pleading the pendency of the former suit estopped them from relying upon their plea in the first action that the corporate existence of appellee had expired. Harrison v. Harrison, 200 Ala. 379, 76 South, 295; Wooddy v. Matthews, 194 Ala. 390, 69 South. 607; Brown v. French, 159 Ala. 645, 49 South, 255; Boyett v. Standard Co., 146 Ala. 554, 41 South, 756; Taylor v. Crook, 136 Ala. 354, 34 South. 905, 96 Am. St. Rep. 26; Savage v. Johnson, 127 Ala. 401, 28 South. 553; Hodges v. Winston, 95 Ala. 514, 11 South. 200, 36 Am. St. Rep. 241; Lehman v. Clark, 85 Ala. 109, 4 South. 651; Caldwell v. Smith, 77 Ala. 157; Hill v. Huckabee, 70 Ala. 183; 21 C. J. 1228. The authorities cited by the appellants are inapt.

GARDNER, J. This is an action in ejectment by appellee against appellants. The defendants interposed a special plea to the effect that the plaintiff was a corporation which had been dissolved more than five years prior to the institution of the suit, and was without capacity to sue. Before any action was taken upon this plea the plaintiff filed a second suit in which these defendants filed a plea of the pendency of the first suit between the same parties concerning the same subject-matter, which plea was confessed by the plaintiff, and judgment entered dismissing said second suit because of the pendency of the first. The first suit being subsequently called, plaintiff filed a replication to the defendants' plea of the dissolution and its subsequent incapacity to sue, in which it was set up that in the second suit the defendant had pleaded the pendency of the first, and was therefore estopped from pleading the dissolution of the corporation and its incapacity to sue. The demurrer of the defendant to this replication was overruled, and the cause being thereafter tried judgment was rendered in favor of the plaintiff, from which the defendant has prosecuted this appeal. The action of the court in overruling the demurrer to the replication is the only question here presented for consideration.

Counsel for appellee relies in support of the ruling of the court below upon that line of authorities establishing the principle of estoppel in judicial proceedings to the effect that one who either obtains or defeats a judgment by pleading or presenting a thing in one aspect is generally held to be estopped from giving the same thing another aspect in a suit founded upon the same subject-matter.

This doctrine of estoppel rests upon the purpose of the law to maintain good faith, promote common honesty, and the prevention of fraud. The principle has been given application in numerous decisions of this court, among them: Millitello v. B. F. Roden Gro. Co., 190 Ala. 675, 67 South. 420; Harrison v. Harrison, 200 Ala. 379, 76 South. 295; Hill's Adm'r v. Huckabee, Adm'r, 70 Ala. 183; Brown v. French, 159 Ala. 645, 49 South. 255; Wooddy v. Matthews, 194 Ala. 390, 69 South. 607—and other authorities cited by counsel in brief.

In order, however, for the estoppel to be maintained, it must appear that the party against whom the estoppel is pleaded has assumed positions inconsistent.

Counsel for appellee argue upon the assumption that defendant's plea in the second suit of the pendency of another suit between the same parties concerning the same subject-matter acknowledged the effectiveness of the former suit. To this, however, we do not agree. The plea of the pendency of a former suit rests upon the principle of discouraging multiplicity of suits and protecting the defendant from double vexation from the same cause. Such a plea does not involve the inquiry as to whether the prior suit is capable of being prosecuted to a successful issue if resisted by the defendant. Such was the express holding of this court in Foster v. Napier, 73 Ala. 595, and subsequently affirmed in Orman v. Lane, 130 Ala. 305, 30 South. 441, from which we take the following excerpt:

"The considerations which underlie the doctrine that the pendency of a previously instituted suit is good ground for abatement of another suit between the same parties and upon the same cause of action take no account of the puissance of, or the want of it in the former action. As was said in Foster v. Napier, 73 Ala. 603: 'It is the pendency of two suits for the same cause, their existence simul et semel, the law deems vexatious, and discountenances. * * * Whether the prior suit is capable of being made effectual, is, in the second suit, a collateral and incidental inquiry; however it may be then decided, the defendant is not by its decision relieved from its burdens. There is a continuing necessity that he should remain before the court, prepared to make defense against it. These are, in our judgment, the evils against which the principle is directed.'"

We think, therefore, it clearly appears that the plea as to the pendency of the former suit in no manner concerned the inquiry as to whether or not such former suit could be successfully maintained by the plaintiff; and that such a plea was not inconsistent with the plea interposed to the first suit, and the defendant was guilty of no such conduct as would create against him an estoppel. By the plea in the second suit the defendant merely sought to relieve himself of the burden and vexation of a multiplicity of suits concerning the same subject-matter; but by the assertion of this right the defendant in no manner acknowledged that the prior suit could be prosecuted to a successful termina-

tion. As said in the quotation above, that was a matter of purely collateral and incidental inquiry.

We are of the opinion, therefore, that no estoppel is set up in the replication and that the trial court committed error in overruling the demurrer thereto.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.