ALLSTATE INSURANCE COMPANY *v.* REDMAN HOMES, INC.

90-103                                  789 S.W.2d 454

Supreme Court of Arkansas
Opinion delivered May 29, 1990

*Huckaby, Munson, Rowlett & Tilley, P.A.*, by: *Jim Tilley* and *Elizabeth Ann Fletcher*, for appellant.

*Friday, Eldredge & Clark*, by: *James C. Baker, Jr.*, for appellee.

JACK HOLT, JR., Chief Justice. This case involves the interpretation of Ark. R. Civ. P. 12(b)(8), which is a defense to an action based on the pendency of another action between the same parties arising out of the same transaction or occurrence.

The appellant, Allstate Insurance Company (Allstate), insured the mobile home of Kenneth and Cheryl Bankston and its contents. The appellee, Redman Homes, Inc. (Redman), manufactured and distributed the Bankstons' mobile home, which was destroyed by fire on January 23, 1986. Allstate subsequently paid $25,195.00 to the Bankstons for their loss.

On June 14, 1988, Allstate filed a complaint in the names of its insureds under its rights of subrogation. Allstate attempted to intervene in this suit on December 22, 1988. On December 28, 1988, Allstate initiated a second suit in its own name against Redman for the damages arising from the Bankstons' loss.

The first suit and Allstate's motion to intervene were dismissed with prejudice on June 27, 1989. On October 24, 1989, the second suit was also dismissed with prejudice on the basis that it had been filed in violation of rule 12(b)(8) and because Ark. Code Ann. § 16-56-105 (1987), the applicable statute of limitation, prohibited Allstate from refiling its lawsuit.

Allstate appeals from the dismissal with prejudice of its second lawsuit and alleges that the trial court erred in granting Redman's motion to dismiss the second suit because there was no other action pending at the time that Redman filed its motion to dismiss and that, consequently, rule 12(b)(8) did not apply.

We agree and reverse and remand.

Rule 12(b)(8) provides in pertinent part as follows:

Every defense, in law or in fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or

third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader, be made by motion: . . . (8) pendency of another action between the same parties arising out of the same transaction or occurrence. . . .

As early as 1877, this court adopted in *Grider* v. *Apperson & Co.*, 32 Ark. 332 (1877), the following approach to the issue of dismissals when other actions are pending:

> When considering the question thus presented, Judge Drummond said [in Chamberlain v. Echart, 2 Bissell's Rep., 124]: 'There is an opinion given by Chief Justice Parsons, proceeding on the ground, that a suit pending at the time of the commencement of the first suit, is a good plea; but this, I think, is not the present doctrine. At any rate, it is not the doctrine of this State; and I think it ought not to be, because when a suit is once commenced, and is dismissed, the fact that it was pending at the time the second suit was brought, is no reason why the court in which the second suit is commenced would not go on and adjudicate on the rights of the parties, because though there was a difficulty once, it is removed. When the suit was commenced there was an obstacle in the way, when the plea was pleaded there was the same obstacle in the way; but now, when the replication is filed, the obstacle is removed.'

*Grider* v. *Apperson & Co.*, *supra*, was followed in *Flannagan* v. *Citizens' State Bank*, 153 Ark. 216, 240 S.W.2d 14 (1922), where it was sufficient that a pending suit in Oklahoma, which involved the same note secured by a mortgage sought to be foreclosed upon in the Arkansas suit, was dismissed before the decree was rendered. The court explained:

> In bar of this action it is alleged that there is a suit pending in Oklahoma on the note secured by the mortgage here sought to be foreclosed. And so there was at the time of the institution of this suit. But before the rendition of the decree here appealed from the suit in Oklahoma was dismissed; and that suffices.

In *Sims* v. *Miller*, 151 Ark. 377, 236 S.W. 828 (1922) (citing *Rush* v. *Frost*, 49 Iowa 183 (1878)), we also noted:

> . . . that where there are two actions pending between the same parties upon the same cause of action, and there is a plea filed on that ground in one of the actions, an abatement may be prevented by dismissal of the other action before the court has determined the sufficiency of the plea.

Of course the old forms of pleading, such as pleas in abatement, are no longer viable, but the rationale of the above cases applies equally well to their counterpart, motions to dismiss.

In *Mark Twain Life Ins. Corp.* v. *Cory*, 283 Ark. 55, 670 S.W.2d 809 (1984) (quoting *Jernigan* v. *Rainer Mercantile*, 211 Ala. 220, 100 So.2d 142 (1924)), we noted that:

> The plea of the pendency of a former suit rests upon the principle of discouraging multiplicity of suits and protecting the defendant from double vexation from the same cause. Such a plea does not involve the inquiry as to whether the prior suit is capable of being prosecuted to a successful issue if resisted by the defendant . . . . The considerations which underlie the doctrine . . . take no account of the puissance of, or the want of it in the former action . . . . It is the pendency of two suits for the same cause . . . the law deems vexatious and discountenances.

In this case, the Bankstons' suit and Allstate's motion to intervene in that suit were dismissed with prejudice on June 27, 1989. Although Allstate had initiated a second suit, in its own name and pertaining to the same underlying cause of action as the first suit, prior to the dismissal of the first suit, the subsequent dismissal of the first suit before the trial court determined the sufficiency of Redman's motion to dismiss the second suit precluded the application of rule 12(b)(8) to this case because there was no other action pending.

Therefore, we reverse and remand.