Pam TORTORICH *v.* Tony TORTORICH

95-332                                              919 S.W.2d 213

Supreme Court of Arkansas
Opinion delivered April 15, 1996
[Petition for rehearing denied June 3, 1996.*]

---

*GLAZE, J., would grant. CORBIN and BROWN, JJ., not participating.

*Dodds, Kidd, Ryan & Moore*, by: *Greg Alagood*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *Sam Hilburn* and *Dorcy Kyle Corbin*, for appellee.

ROBERT H. DUDLEY, Justice. The question in this case is whether two counties can concurrently have venue of a divorce action. The parties, Pam and Tony Tortorich, were married in 1979 and have three children. They separated on September 17, 1992, and, at that time, both were residents of Pulaski County. Pam Tortorich filed an action for a divorce from bed and board, or a limited divorce, in the Chancery Court of Pulaski County. Pulaski County was the county of proper venue. *See* Ark. Code Ann. § 9-12-303 (Repl. 1993). Tony Tortorich filed a counterclaim for an absolute divorce. On December 15, 1993, the Pulaski County Chancery Court awarded Pam a divorce from bed and board, divided the marital property, and awarded alimony, child support, witness fees, and attorney's fees. The chancery court denied and dismissed Tony's counterclaim for absolute divorce. The chancery court retained jurisdiction for further orders. Tony appealed and argued that the chancellor erred in dividing the marital property and setting alimony, child support, and fees. He did not appeal from the dismissal of his counterclaim for absolute divorce. On June 28, 1995, the court of appeals affirmed in part and reversed and remanded in part. It reversed a major part of the valuation of marital property which, in turn, substantially reduced the amount Pam would receive, and, as a consequence, it remanded for the

Pulaski County Chancery Court to reconsider the amount of alimony Pam should receive. *Tortorich v. Tortorich*, 50 Ark. App. 114, 902 S.W.2d 247 (1995). The court of appeals also held that the award of the marital home to appellant was not ripe for review. *Id.* at 123, 902 S.W.2d at 252. The mandate from the court of appeals was issued on July 18, 1995.

Meanwhile, on March 19, 1994, Tony moved to Saline County. Two days later, on March 21, 1994, which was a year and four months before the court of appeals mandate was issued, Tony filed a complaint for absolute divorce in the Chancery Court of Saline County. The grounds, eighteen months separation, had not been available to him in the earlier action. A week later, on March 28, Pam filed a complaint for absolute divorce in Pulaski County Chancery Court.

On April 8, 1994, Pam filed a motion to dismiss the Saline County action because of pendency of the Pulaski County action between the same parties arising out of the same occurrence, and want of proper venue, pursuant to Ark. Code Ann. § 9-12-330(c). The Saline County Chancery Court denied Pam's motion to dismiss, heard the case on August 19, 1994, granted Tony an absolute divorce, ordered Tony to pay child support in an amount different from the support set by the Pulaski County court, ordered the marital home sold and the proceeds divided, and denied appellant alimony. The Saline County court based its decision to deny alimony, in part, upon the assets awarded to appellant under the limited divorce decree, and these assets were subsequently reduced by the court of appeals.

As a result of the Saline County Chancery Court's rulings, there are now two conflicting judgments. On the one hand, the court of appeals has remanded the case between these parties to the Pulaski County Chancery Court and ordered the Pulaski County chancellor to consider increasing the amount of alimony because the value of the marital property has been reduced, affirmed the amount of child support, and held that the award of the marital home is not yet ripe for review. On the other hand, the Saline County Chancery Court has ruled that Tony does not have to pay alimony and has ordered the marital home sold and the proceeds divided.

Pam appeals and argues that the Saline County chancellor

erred in denying her motion to dismiss. The assignment of error is well taken for two reasons.

■ Rule 12(b)(8) of the Arkansas Rules of Civil Procedure provides that a cause may be dismissed because of "pendency of another action between the same parties arising out of the same transaction or occurrence." *Id.* When Tony filed his complaint in Saline County, there was pending in the court of appeals an appeal from Pulaski County, initiated by Tony, concerning not only the "same transaction or occurrence" but three issues that were *identical*. These issues involved alimony, child support, and disposition of the marital home.

■■ We have held "[i]n case of concurrent jurisdiction in different tribunals, the first exercising jurisdiction rightfully acquires control to the exclusion of, and without the interference of, the other." *Doss* v. *Taylor*, 244 Ark. 252, 257, 424 S.W.2d 541, 544-45 (1968). When a case is brought in a court of competent jurisdiction, the authority and control of that court over the case continues until the matter is disposed of in the appellate court. *Vaughan* v. *Hill*, 154 Ark. 528, 242 S.W. 826 (1922); *McCarther* v. *Green*, 49 Ark. App. 42, 895 S.W.2d 562 (1995); *Cotton* v. *Cotton*, 3 Ark. App. 158, 623 S.W.2d 540 (1981); *see also Jones* v. *Garratt*, 199 Ark. 737, 135 S.W.2d 859 (1940).

In *Moore* v. *Price*, 189 Ark. 117, 70 S.W.2d 563 (1934), the appellant brought a suit to foreclose on property in chancery court, while at the same time bringing an action in replevin in circuit court; two separate "causes of action" on the same subject matter. *Id.* at 119, 70 S.W.2d at 564. We held that the chancery court, being the first to acquire jurisdiction, had jurisdiction to bring adequate and complete relief, and the appellant could not bring an action for replevin in circuit court. Our reasoning was as follows:

> ["]This rule rests upon comity and the necessity of avoiding conflict in the execution of judgments by independent courts, and is a necessary one because any other rule would unavoidably lead to perpetual collision and be productive of most calamitous results." 15 C.J. 1134.

> Bailey on Jurisdiction, page 61, states: "In the distribution of powers among courts it frequently happens that jurisdiction of the same subject-matter is given to different courts. Conflict and confusion would inevitably result unless

some rule was adopted to prevent or avoid it. Therefore it has been wisely and uniformly determined that whichever court, of those having such jurisdiction, first obtains jurisdiction, or, as is sometimes said, possession of the cause, will retain it throughout to the exclusion of another." The same rule is announced in "Courts and Their Jurisdiction" by Works, pages 68 and 69.

*Id.* at 121-22, 70 S.W.2d at 565.

This case illustrates "confusion, conflict, and collision." It is an example of the "calamitous" result envisioned in *Moore* v. *Price.* Here, the two rulings by the two different chancellors have resulted in one order allowing alimony and one denying it, child support has been set in two different amounts, and one order gives the marital home to Pam until the youngest child reaches eighteen while the other orders the home sold and the proceeds divided.

In addition, Ark. Code Ann. § 9-12-303(c) (Repl. 1993) provides:

> (c) When a spouse initiates an action against the other spouse for an absolute divorce, divorce from bed and board, or separate maintenance, then the venue for the initial action shall also be the venue for any of the three (3) named actions filed by the other spouse, regardless of the residency of the other spouse.

■ This statute could be interpreted in either of two ways: It could be interpreted to mean that any claim available to the other spouse must be filed in the same venue as long as the initial action is still pending, or it might mean that any claim available to the other spouse must be filed in the same venue, without regard to whether the initial action is still pending. We need not decide which interpretation we will ultimately apply because, under either interpretation, the initial action filed in Pulaski County was still pending on appeal when the second suit was filed in Saline County. Thus Pulaski County was the county of proper venue, and the Saline County court erred in refusing to dismiss the action filed in that court.

Reversed and dismissed.

GLAZE, J., concurs.

CORBIN and BROWN, JJ., not participating.

TOM GLAZE, Justice, concurring. The majority court misses the opportunity to interpret Ark. Code Ann. § 9-12-303(a) and (c) (Repl. 1993), which directly answers the issue before us and rectifies a venue problem that commonly arises in the filing of family law cases. Prior to the enactment of § 9-12-303(c), if a spouse filed an action for separate maintenance in the county in which he or she resided, the defendant spouse could later file for an absolute or limited divorce action in a different court and county so long as he had established residence in that other county. *See Hill* v. *Rowles*, 223 Ark. 115, 264 S.W.2d 638 (1954). In fact, this court has held the defendant spouse could even file such later action in a different division of the same county chancery court in which the plaintiff spouse had already filed suit. *Myers* v. *Williams*, 225 Ark. 290, 281 S.W.2d 944 (1955). In the *Hill* and *Myers* cases, this court reasoned that the defendant was not barred from seeking relief in a different court, since his or her cause of action is a new or separate action from the one initially filed. For example, in *Hill*, the wife filed for separate maintenance in Pulaski County and the husband subsequently brought a divorce action in Saline County. The *Hill* court denied the wife's request for a writ of prohibition against the Saline County court, stating, "[A] determination, in a wife's action for separate maintenance is not a determination that her husband has no grounds for divorce . . .."

The problems resulting from such decisions place spouses in different courts that hear and decide the same marital custody, child support, alimony and property issues. Unfortunately, the different courts generally always render conflicting orders and decrees that leave all parties in a quandary. That, of course, is the very situation here.

In 1987, the General Assembly enacted § 9-12-303(c) to avoid problems that inherently arise when separate but related family law actions are filed by spouses in different chancery courts or divisions. That provision provides as follows:

> When a spouse initiates an action against the other spouse for an absolute divorce, divorce from bed and board, or separate maintenance, then the venue for the initial action shall also be the venue for any of the three (3) named actions

filed by the other spouse, regardless of the residency of the other spouse.

Under the plain language of § 9-12-303(c), once a plaintiff spouse has filed for (1) absolute divorce, (2) limited divorce *or* (3) separate maintenance, the defendant spouse can no longer go to a different court (division or county) to file any one of the three named marital-related actions. Instead, the defendant spouse, regardless of his or her own county residence, must file any new marital cause of action in the same action the plaintiff spouse already initiated.

In the present case, Pam Tortorich filed her limited divorce action against Tony in the Pulaski County Chancery Court. The Pulaski County Chancery Court granted a limited divorce, and while that part of the chancellor's decision was affirmed on appeal, the court of appeals reversed the Tortorich's case to reconsider the amount of alimony to be awarded Pam. Tony moved to Saline County and filed for absolute divorce which the Saline County Chancery Court eventually granted. Again, this case is the type situation contemplated by § 9-12-303, which requires Tony to seek his relief in the initial action filed in the Pulaski County Chancery Court, so all marital-related issues can be decided by one chancery judge. Consequently, the Saline County Chancery Court here should have transferred Tony's action to the Pulaski County Chancery Court or, alternatively, dismissed his action.

Although I agree with the majority court that the Saline County Chancery Court has no venue over Tony's absolute divorce action, I do so because § 9-12-303(c) clearly places his action in the Pulaski County Chancery Court. I would remand this case with directions to transfer this case to the Pulaski County Chancery Court which has jurisdiction and venue of Pam's limited divorce action.

CORBIN and BROWN, JJ., not participating.