## NATIONAL BANK OF COMMERCE, et al. *v.* DOW CHEMICAL CO., et al.

96-967                                                938 S.W.2d 847

Supreme Court of Arkansas
Opinion delivered March 3, 1997

*Bernard Whetstone, P.A.*, by: *Kevin Odum*, and *Bob Davidson*, for appellants.

*Wright, Lindsey & Jennings*, by: *Sammye L. Taylor* and *Stephen R. Lancaster*, for appellees Dow Chemical Co., Rofan Services, Inc., and EPCO, Inc., of Indiana.

*Hankins, Hicks, Madden & Blackwood*, by: *Stuart W. Hankins*, for appellee Metro Builders & Restoration Specialists, Inc.

*Laser, Wilson, Bufford & Watts, P.A.*, by: *Richard N. Watts* and *Brian A. Brown*, for appellee Adams Pest Control of North Little Rock, Inc.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Michael J. Emerson* and *Derek J. Edwards*, for appellee Steam Services, Inc.

ANNABELLE CLINTON IMBER, Justice. The appellants, National Bank of Commerce ("National Bank"), as guardian of Ashley Smits's estate, and William J. Smits ("Smits"), individually and as parent and next friend of the minor Ashley Smits, filed a products liability action against the manufacturers and applicators/distributors of two chemicals which allegedly caused Smits to develop severe birth defects. The trial court dismissed the action without prejudice pursuant to Ark. R. Civ. P. 12(b)(8). National Bank and Smits appeal the dismissal. We reverse and remand.

National Bank and Smits filed a products liability action in federal court on January 24, 1994, against Dow Chemical, Rofan Services, Inc., and EPCO, Inc. ("the Dow defendants"), as the manufacturers of Dorsban LO; and against Steam Services, Inc. ("Steam Services"), as the manufacturer of Firefog 404. According to National Bank and Smits, Ashley's mother, Maria V. Smits, was exposed to these chemicals while she was pregnant with Ashley thereby causing Ashley to develop severe birth defects. Approximately eight months later, on September 16, 1994, National Bank and Smits also filed this products liability action in the Pulaski County Circuit Court alleging the same occurrence as in the federal action. However, two additional parties were joined as defendants in the state action: Adams Pest Control, an Arkansas corporation, as the applicator/distributor of Dorsban LO, and Metro Builders & Restoration Specialists, Inc. ("Metro Builders"), an Arkansas corporation, as the applicator/distributor of Firefog 404.

The Dow defendants, Steam Services, and Metro Builders responded to the state lawsuit by filing separate motions to dismiss pursuant to Ark. R. Civ. P. 12 (b)(8). During the hearing on February 9, 1996, the defendants asserted that the dismissal was proper because they had already spent approximately $100,000 deposing expert witnesses for the federal case, and that these dep-

ositions would have to be duplicated in the state action because the applicator/distributors were not present during the previous depositions for the federal action. Moreover, the defendants argued that defending the simultaneous state action would be unduly burdensome in light of the fact that the federal lawsuit was scheduled to go to trial on April 15, 1996.

Based upon the pleadings and arguments of counsel, the trial court granted the defendants' motions to dismiss pursuant to Ark. R. Civ. P. 12(b)(8) and dismissed the state action without prejudice as to all defendants. National Bank and Smits appeal from this order of dismissal.

■ The sole issue on appeal is whether Ark. R. Civ. P. 12(b)(8) should be applied to dismiss an Arkansas circuit court action on the ground that the action is simultaneously pending between the same parties in a federal court. We hold that when the pending action is in a jurisdiction served by courts other than the courts of this state, dismissal on the basis of Rule 12(b)(8) is not permitted.

[2] According to the Reporter's Note to Rule 12, subsection (b)(8) is based upon Ark. Stat. Ann. § 27-1115(3) (Repl. 1962). In *Carter v. Owens-Illinois, Inc.*, 261 Ark. 728, 551 S.W.2d 209 (1977), we interpreted that statute as applying only to prohibit identical actions from proceeding between identical parties in two courts of this state. We opined that the matter was one of venue, not at all implicated when one of the actions was in a different "jurisdiction," *i.e.* a federal court which, we said, was like the court of another state. As successor to the statute, our Rule 12(b)(8), which is not found in F.R.C.P. 12(b) upon which the remainder of our Rule 12(b) was modeled, applies only to actions filed in separate Arkansas courts. Thus, this court has consistently held that Rule 12(b)(8) prohibits identical cases from proceeding in different courts within this state. *Tortorich v. Tortorich*, 324 Ark. 128, 919 S.W.2d 213 (1996); *Mark Twain Life Ins. Corp. v. Cory*, 283 Ark. 55, 670 S.W.2d 809 (1984).

Whereas, when identical cases between the same parties are pending in both state and federal courts, a trial court may, but is not required to, exercise the *forum non conveniens* discretion given

it by Ark. Code Ann. § 16-4-101 D (Supp. 1995) (formerly Ark. Stat. Ann. 27-2502 E). *Helm v. Mid-American Indus., Inc.,* 301 Ark. 521, 785 S.W.2d 209 (1990), *cert. denied,* 498 U.S.850 (1990); *Country Pride Foods Ltd. v. Medina & Medina,* 279 Ark. 75, 648 S.W.2d 485 (1983). The doctrine of *forum non conveniens* has not been argued in this case and is not at issue.

█ Rule 12(b)(8) does not confer any discretion upon an Arkansas court confronted with a motion to dismiss when the same action is pending between identical parties in a different "jurisdiction," such as a federal court or the court of another state. In such a case, as in this case, it is enough to say Rule 12(b)(8) simply does not apply. We must therefore, conclude that the trial court lacked authority to dismiss the state action without prejudice.

Reversed and remanded.

GLAZE, J., not participating.