COURTNEY HUDSON GOODSON, Associate Justice
Appellant DeSoto Gathering Company, LLC ("DeSoto") appeals from the Faulkner County Circuit Court's order granting the motion to dismiss filed by appellees Angela Hill, in her official capacity as Faulkner County Assessor; the Faulkner County Board of Equalization, Faulkner County, Arkansas; the Faulkner County Treasurer; and the Faulkner County Tax Collector (collectively, "Hill"). For reversal, DeSoto argues (1) that the circuit court erred in dismissing DeSoto's refund claim pursuant to Arkansas Rule of Civil Procedure 12(b)(8) (2017) and (2) that the circuit court also erred by finding that DeSoto's claim for a refund was barred by the doctrine of res judicata. We reverse and remand.
DeSoto owns gas compressors, gas-gathering systems, and related equipment that are subject to ad valorem property tax in Faulkner County, Arkansas. In 2012, after receiving the Faulkner County Assessor's valuation of its personal property, DeSoto challenged the assessments before the Faulkner County Board of Equalization. The board affirmed the assessments, and DeSoto appealed to the Faulkner County Court. After the county court upheld the assessments, DeSoto then appealed to the Faulkner County Circuit Court in January 2013. In this "valuation appeal," DeSoto alleged that the assessor's method of estimating the fair market value of its property was defective in several respects.
On November 5, 2015, Hill filed a motion to dismiss DeSoto's valuation appeal, arguing that DeSoto had committed the unauthorized practice of law because a nonattorney had signed the petition for appeal. Hill asserted that the petition was therefore null and void and that DeSoto had failed to perfect a valid appeal to the county court. Furthermore, Hill contended that because the county court never had jurisdiction of the ad valorem appeal, the circuit court did not acquire jurisdiction to hear the appeal. On August 16, 2016, the circuit court dismissed the valuation appeal for lack of subject-matter jurisdiction.
During the discovery process in the valuation appeal, DeSoto learned that its Cove Creek property was actually located *417 in Conway County, even though the property had been included in the 2012 ad valorem assessment in Faulkner County. In addition, DeSoto discovered a list of intangible property that it claimed had been erroneously assessed by Hill. DeSoto met with Hill in September 2013 to discuss these errors. Hill agreed to correct the erroneous assessments for the 2013 and 2014 tax years but refused to remove them from the 2012 assessment. DeSoto then paid its 2012 taxes in October 2013 pursuant to an agreed escrow order in the valuation appeal.
On December 1, 2015, DeSoto filed a claim in the Faulkner County Court for a refund of its 2012 ad valorem taxes under Arkansas Code Annotated section 26-35-901 (Repl. 2012). The refund claim was based on the erroneous assessment of DeSoto's Cove Creek personal property that was located in Conway County and on the taxation of its exempt intangible property. Hill filed a motion to dismiss the claim due to the pendency of the 2012 valuation appeal in the Faulkner County Circuit Court. Hill argued that the county court had no choice but to dismiss the refund action under Arkansas Rule of Civil Procedure 12(b)(8) because the earlier case involved the same parties and arose out of the same occurrence. The county court agreed and dismissed the refund action on May 31, 2016.
Desoto appealed to the circuit court, and on August 24, 2016, Hill again filed a motion to dismiss. She continued to assert that the refund action should be dismissed under Rule 12(b)(8) due to the 2012 valuation case. Although that case had recently been dismissed on August 16, 2016, for lack of subject-matter jurisdiction, Hill argued that the dismissal could still be appealed by DeSoto. In addition, Hill contended that the refund claim was barred by the doctrine of res judicata because it could have been brought in the valuation case.
A hearing on the motion to dismiss was held on February 13, 2017. On March 2, 2017, the circuit court entered an order granting Hill's motion and dismissing DeSoto's refund action. The court stated that both the refund action and the 2012 valuation appeal stemmed from the same transaction or occurrence, which was the 2012 ad valorem tax assessment. Thus, the circuit court found that the refund claims were precluded by res judicata because they could have been raised in the previously filed and dismissed valuation case. Further, the court ruled that it was required to dismiss the refund matter pursuant to Rule 12(b)(8) because the valuation case was still pending on appeal before this court.[1] DeSoto filed a timely notice of appeal from the circuit court's order of dismissal.
On appeal, DeSoto first argues that the circuit court erred by dismissing its refund claim under Arkansas Rule of Civil Procedure 12(b)(8). We generally review a circuit court's decision on a motion to dismiss under an abuse-of-discretion standard. Ballard Group, Inc. v. BP Lubricants USA, Inc. , 2014 Ark. 276, 436 S.W.3d 445 ; Jonesboro Healthcare Ctr., LLC v. Eaton-Moery Envtl. Servs., Inc. , 2011 Ark. 501, 385 S.W.3d 797. However, the construction of a court rule is a question of law, which we review de novo. Jonesboro, supra.
Pursuant to Rule 12(b)(8), the "pendency of another action between the same parties arising out of the same transaction or occurrence" can be raised as a defense *418 to a complaint filed by a plaintiff. The Reporter's Note to Rule 12 indicates that this provision is based on an earlier statute, Arkansas Statutes Annotated section 27-1115(3) (Repl. 1962), which listed as one of the grounds for a demurrer, "[t]hat there is another action pending between the same parties for the same cause[.]" We have consistently interpreted that statute, as well as Rule 12(b)(8), as applying only to prohibit identical actions from proceeding between identical parties in two different courts of this state. Potter v. City of Tontitown , 371 Ark. 200, 264 S.W.3d 473 (2007) ; Patterson v. Isom , 338 Ark. 234, 992 S.W.2d 792 (1999) ; Nat'l Bank of Commerce v. Dow Chem. Co. , 327 Ark. 504, 938 S.W.2d 847 (1997) ; Tortorich v. Tortorich , 324 Ark. 128, 919 S.W.2d 213 (1996). We have indicated that the matter is one of venue; thus, Rule 12(b)(8) is not implicated when one of the actions is in a different jurisdiction, such as federal court. Potter , supra ; Dow Chem., supra. In Mark Twain Life Insurance Corp. v. Cory , we stated that the rule is intended to discourage a multiplicity of suits and to protect the defendant from "double vexation from the same cause." 283 Ark. 55, 59, 670 S.W.2d 809, 812 (1984). We have also noted that under our common law, when the same action is pending in different courts with concurrent jurisdiction, the first court to exercise jurisdiction rightfully acquires control. Patterson , supra ; Tortorich, supra. This prevents two different judgments with respect to the same issues, which would lead to confusion and "calamitous results." Patterson , 338 Ark. at 240, 992 S.W.2d at 796.
DeSoto contends that Rule 12(b)(8) did not apply to bar its refund action because its claim for a refund was a separate and distinct claim from that raised in its valuation case. According to DeSoto, the first action sought to adjust the valuation of its properly taxable property pursuant to the statutory procedure set forth in Arkansas Code Annotated sections 26-27-317 and 26-27-318 (Repl. 2012), while its subsequent refund action sought a return of taxes paid on nontaxable property as is authorized under Arkansas Code Annotated section 26-35-901 (Repl. 2012). Thus, DeSoto argues that even though the valuation and refund actions were both based on the 2012 assessment of its property, the object, legal basis, and remedy for each action were fundamentally different.
We agree with DeSoto that its refund suit was not required to be dismissed pursuant to Rule 12(b)(8). The valuation claim and the refund claim are governed by separate statutory procedures and encompass different issues. Under section 26-35-901(a), only "erroneously assessed" property as defined in Arkansas Code Annotated section 26-28-111(c) entitles the taxpayer to a refund. Erroneous assessments are described as "actual and obvious errors on the tax books and related records, with such errors being restricted to extension errors, erroneous property descriptions, classifications, or listings[.]" Ark. Code Ann. § 26-28-111(c) (Repl. 2012). This statute specifically states that its provisions shall not be utilized to make any change in the valuation of property, other than the change in valuation necessitated by the correction of actual and obvious errors as described in that subsection. Id. As this court explained in Outdoor Cap Co. v. Benton County Treasurer , the nature of erroneous assessments in section 26-35-901 is an assessment that "deviates from the law and is therefore invalid," and it "does not refer to the judgment of the assessing officers in fixing the amount of the valuation of the property." 2014 Ark. 536, at 10, 453 S.W.3d 135, 142 (quoting Ritchie Grocer Co. v. City of Texarkana , 182 Ark. 137, 30 S.W.2d 213 (1930) ).
In its refund action, DeSoto alleged that it had recently discovered that a portion of *419 its property had been erroneously assessed in 2012 because it was either exempt from taxation or was not located in Faulkner County. Accordingly, its claim for a refund of these taxes was distinct from its previous valuation appeal in which it argued that Hill had used an incorrect assessment method to value its taxable personal property. See Clay Cty. v. Brown Lumber Co. , 90 Ark. 413, 119 S.W. 251 (1909) (holding that there is a distinction between the statutory procedure to challenge an overvaluation of property and the procedure to obtain a refund of taxes erroneously paid). We have held that if the objects of the two suits are different, they may progress at the same time even though they are between the same parties and involve the same subject matter. Braswell v. Gehl , 263 Ark. 706, 567 S.W.2d 113 (1978) ; Wilson v. Sanders , 217 Ark. 326, 230 S.W.2d 19 (1950).
DeSoto's argument is also supported by the timelines provided in the relevant statutes. A taxpayer must appeal an assessment to the county equalization board by the third Monday in August of that year, and an appeal from the board to the county court must be filed by the second Monday in October and decided by November 15. Ark. Code Ann. § 26-27-317(a)(1) ; Ark. Code Ann. § 26-27-318(c)(1). A claim for a refund of taxes erroneously assessed and paid, however, must only be made within three years from the date the taxes are paid. Ark. Code Ann. § 26-35-901(a)(2). These statutory requirements clearly contemplate separate actions for a valuation appeal and a refund claim. Thus, DeSoto's refund suit was not barred by the "same transaction or occurrence" provision in Rule 12(b)(8), and the circuit court erred by dismissing the complaint on this basis.[2]
In its second point on appeal, DeSoto argues that the circuit court also erred by finding that DeSoto's refund claim was barred by res judicata. There are two facets to the doctrine of res judicata: issue preclusion and claim preclusion. Hardy v. Hardy , 2011 Ark. 82, 380 S.W.3d 354. Both parties agree that claim preclusion is the form of res judicata at issue in this case. The five factors necessary for claim preclusion to bar relitigation are (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. Id. Assuming that these five factors are met, claim preclusion will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. Id. The purpose of the res judicata doctrine is to put an end to litigation by *420 preventing a party who had one fair trial on a matter from relitigating the matter a second time. Powell v. Lane , 375 Ark. 178, 289 S.W.3d 440 (2008). DeSoto contends that res judicata did not bar its refund action because the valuation appeal was not a final judgment on the merits by a court with proper jurisdiction. In addition, DeSoto argues that the two actions did not involve the same claim or cause of action for the same reasons discussed under its first point on appeal.
We agree with DeSoto that res judicata does not bar its refund suit. DeSoto's valuation appeal was dismissed by the circuit court for lack of subject-matter jurisdiction, and this court affirmed that dismissal. DeSoto I , supra . We have held that a court of "proper jurisdiction" for purposes of res judicata means that a court has "jurisdiction of the person and the subject matter." Eiermann v. Beck , 221 Ark. 138, 141, 252 S.W.2d 388, 389 (1952) ; cf. Head v. Caddo Hills Sch. Dist. , 294 Ark. 561, 745 S.W.2d 595 (1988) (holding that when the circuit court had no jurisdiction to hear an appeal, res judicata did not attach to bar a second suit); Purser v. Buchanan , 2013 Ark. App. 449, 2013 WL 4557585 (stating that an invalid judgment rendered by a court lacking subject-matter jurisdiction could not have preclusive effect). Because the valuation appeal was dismissed for lack of subject-matter jurisdiction, there was no valid judgment in that case by a court with proper jurisdiction, and all of the required elements of claim preclusion were not satisfied. Thus, it is unnecessary to discuss whether the remaining elements were met. Accordingly, we hold that the circuit court erred by dismissing DeSoto's refund action based on the doctrine of res judicata. We reverse the circuit court's order of dismissal and remand for further proceedings.
Reversed and remanded.
Wood, J., dissents.

On November 30, 2017, we affirmed the circuit court's dismissal of DeSoto's valuation appeal based on a lack of subject-matter jurisdiction. DeSoto Gathering Co. LLC v. Hill (DeSoto I ), 2017 Ark. 324, 2017 WL 5898321.

We further note that DeSoto's valuation appeal had been dismissed for lack of subject-matter jurisdiction by the time the circuit court ruled on Hill's motion to dismiss the refund complaint. In Allstate Insurance Co. v. Redman Homes, Inc. , 302 Ark. 335, 789 S.W.2d 454 (1990), we held that the subsequent dismissal of the first suit before the circuit court determined the sufficiency of a motion to dismiss the second suit precluded the application of Rule 12(b)(8) because there was no longer any other action pending. See also Valley v. Helena Nat'l Bank , 2010 Ark. App. 560, 2010 WL 3422460 (holding that Rule 12(b)(8) did not apply when the first suit had been dismissed and only the second suit remained). As the circuit court recognized, DeSoto had appealed the dismissal of its valuation action, and that appeal was still pending before this court at the time of the circuit court's order in this case. However, an appeal from an order of dismissal does not generally detract from the force of that dismissal order. 1 Am. Jur. 2d § 16, Pendency in reviewing court (2018); see also Solarana v. Indus. Elecs., Inc. , 50 Haw. 22, 428 P.2d 411 (1967). Accordingly, DeSoto's first case was no longer pending for purposes of Rule 12(b)(8) when the circuit court ruled on Hill's motion to dismiss the refund action.