Rhonda K. Wood, Justice, dissenting.
Arkansas Rule of Civil Procedure 12(b)(8) precludes DeSoto's refund claim. Because this court (1) should stop citing antiquated precedent analyzing the demurrer statute's language and instead interpret the precise language contained in Rule 12(b)(8) ; (2) should interpret the phrase "same transaction and occurrence" consistently with how we interpret the same phrase within Rule 13; and (3) should, as a matter of policy, use the same transactional approach for our treatment of compulsory claims, permissive claims, and claim preclusion, I dissent. Simply put, I ask that this court be consistent in its interpretation of "same transaction or occurrence" across our rules.
First, the majority states that Rule 12(b)(8) applies only to prohibit identical actions from proceeding against identical parties in two different courts of this state. However, the majority relies on precedent that simply recycled the phrase "identical actions" that this court originally used in its interpretation of the old demurrer statute. When this court first analyzed and required "identical actions" in this context, the demurrer statute read, "[t]hat there is another action pending between the same parties for the same cause [.]" Ark. Stat. Ann. § 27-1114(3) (Repl. 1962) (emphasis added). At that time, we held the statute applicable only when two courts had concurrent jurisdiction of the same cause of action. 2 David Newbern, John J. Watkins & D.P. Marshall Jr., Arkansas Civil Practice and Procedure § 14:9 (5th ed. 2010).
However, when Rule 12(b)(8) adopted Arkansas Statutes Annotated section 27-1115(3), it changed the language and altered the requirements. Rule 12(b)(8) states a defense to a complaint is the "pendency of another action between the same parties arising out of the same transaction or occurrence. " (emphasis added).
*421 Unfortunately, this court has yet to truly analyze the language "same transaction or occurrence" in Rule 12(b)(8), and it continues to cite precedent that relies on "the same cause." See, e.g. , Potter v. City Tontitown , 371 Ark. 200, 264 S.W.3d 473 (2007) ; Patterson v. Isom , 338 Ark. 234, 992 S.W.2d 792 (1999) ; Nat'l Bank of Commerce v. Dow Chem. Co. , 327 Ark. 504, 938 S.W.2d 847 (1997) ; and Tortorich v. Tortorich , 324 Ark. 128, 919 S.W.2d 213 (1996). See also Cotton v. Cotton , 3 Ark. App. 158, 623 S.W.2d 540 (1981) (erroneously stating that Rule 12(b)(8) was "identical" to former Ark. Stat. Ann. § 27-1115(3)).
It makes sense that "same cause" would be interpreted to require identical actions. However, "same cause" is no longer the rule, and we have failed to recognize that Rule 12(b)(8) broadened the language to "arise out of the same transaction or occurrence." See id.
Second, and perhaps even more problematic, because we continue to rely on outdated precedent, we are construing "transaction or occurrence" inconsistently in our decisions. Although Rule 12(b)(8) and Rule 13, regarding compulsory and permissive counterclaims and cross-claims, use the same terminology, our applications of "transaction or occurrence" differ between the two rules. Under Rule 13, two cases arise from the "same transaction or occurrence" must be brought together if the two matters logically arose from a similar set of facts or circumstances. First Nat'l Bank of DeWitt v. Cruthis , 352 Ark. 292, 100 S.W.3d 703 (2003). Like the federal courts, when analyzing Rule 13, we typically have interpreted "transaction or occurrence" liberally. 6 Charles Alan Wright, Federal Practice and Procedure Civil § 1410 (3d ed. 1998) ; See, e.g. , Cruthis , 352 Ark. at 297-98, 100 S.W.3d at 706-07 (debtors' claims for conversion, breach of fiduciary duty, and tortious-interference-with-contract claim held to be compulsory counterclaims under Rule 13 because they were based on the same transaction as creditor's claim for recovery of lost property); Linn v. NationsBank , 341 Ark. 57, 14 S.W.3d 500 (2000) (borrowers' claims, which included breach of good faith and breach of fiduciary duty, arose directly from financing transactions for construction loans and were therefore compulsory counterclaims in foreclosure suit); Estate of Goston v. Ford Motor Co. , 320 Ark. 699, 898 S.W.2d 471 (1995) (plaintiff was barred from raising negligence claim because he failed to present it as counterclaim in earlier action in connection with the same motor-vehicle accident even though the earlier action terminated in default judgment). Under Rule 13, we do not require that the cases be identical or encompass the same legal issues or remedies. Consequently, we make it extremely difficult for Arkansas practitioners to understand why language is interpreted differently between rules.
Third, as a policy matter, we should apply the same approach to all cases involving multiple issues or claims, including those that implicate Rule 12(b)(8). After all, judicial efficiency is the purpose of these rules. As with compulsory and permissive claims, we also apply a transactional approach to claim preclusion. See Newbern, supra § 4:7; Eiermann v. Beck , 221 Ark. 138, 141, 252 S.W.2d 388, 389 (1952) ("[I]f claims that were made or could have been made grew out of the same transaction, then it is the duty of the aggrieved party or parties to include in one action all rights subject to judicial determination at the time suit was brought, thus preventing multiple litigation."). The transactional approach is fact driven. It is founded on the view that a transaction or series of closely connected transactions "is the basic unit of litigation, regardless of the variations in legal theories, primary rights, grounds, evidence, or requested remedies." Newbern, supra *422 § 4:7. In other words, the inquiry under the transactional test is not whether the legal basis or relief sought materially differ between the two actions.
Accordingly, although we interpret "transaction or occurrence" liberally in Rule 13 and in claim preclusion, we continue to restrict Rule 12(b)(8) to those cases that are "identical." This contradicts the plain meaning of Rule 12(b)(8) and inhibits the rule's policy of preventing the unnecessary expense inherent in a multiplicity of litigation. Mark Twain Life Ins. Corp. v. Cory , 283 Ark. 55, 59, 670 S.W.2d 809, 812 (1984) (quoting Jernigan v. Rainer Mercantile , 211 Ala. 220, 100 So. 142 (1924) ("The plea of the pendency of a former suit rests upon the principle of discouraging multiplicity of suits and protecting the defendant from double vexation from the same cause.")).
In this case, both the valuation action and the refund action arose out of a single transaction or occurrence-the 2012 tax assessment of DeSoto's property. In both cases DeSoto claims that the 2012 tax assessment was erroneous. The majority's discussion of the statutory procedures of the two actions, their objects, and their remedies should be irrelevant to our analysis. Furthermore, while not dispositive, it is significant that DeSoto could have brought its refund claims in its appeal of the property's valuation. Arkansas Code Annotated section 26-27-315(b)(1)(C)(ii) (Repl. 2012), the statute under which DeSoto brought its valuation action, provides that an assessment could be altered if "[t]he assessment is clearly erroneous, evidenced by the fact that the appraisal relies on substantially inaccurate or insufficient information concerning the property." DeSoto's refund claim was based on the erroneous assessment of DeSoto's Cove Creek property that is located in Conway County and on the taxation of its exempt intangible property, and those claims could have been brought in the valuation action. The purpose of Rule 12(b)(8) is to avoid multiple lawsuits because they are vexatious. Allstate Ins. Co. v. Redman Homes, Inc. , 302 Ark. 335, 789 S.W.2d 454 (1990). However, permitting multiple lawsuits on the same tax assessment when the claims could have been brought simultaneously undermines that purpose.
Accordingly, I dissent.