Cite as 2022 Ark. App. 22

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV–21–45

| | |
|---|---|
| ALEXA SHIPLEY<br><br>APPELLANT<br><br>V.<br><br>CHARLES F. GARDNER,<br>ADMINISTRATOR OF THE ESTATE<br>OF NICHOLAS H. MCGUIRE<br><br>APPELLEE | **Opinion Delivered** January 19, 2022<br><br>APPEAL FROM THE WASHINGTON<br>COUNTY CIRCUIT COURT<br>[NO. 72DR-20-220]<br><br>HONORABLE BETH BRYAN, JUDGE<br><br>AFFIRMED |

**RITA W. GRUBER, Judge**

Appellant Alexa Shipley appeals from an order of the Washington County Circuit Court dismissing without prejudice her complaint for back child support pursuant to Rule 12(b)(8) of the Arkansas Rules of Civil Procedure. On appeal, Shipley argues that the circuit court erred because the action in Mississippi County and the action for back child support are not identical actions between identical parties. We affirm.

Nicholas McGuire was killed in a traffic accident involving a tractor trailer on June 22, 2013, along with his wife and one child. Another child survived the accident. A wrongful-death action resulted in a settlement on behalf of his estate and wrongful-death beneficiaries. A probate case that was opened in 2013 for the administration of McGuire's estate and distribution of the wrongful-death settlement proceeds is pending in Mississippi County.

On December 18, 2019, Barbara Shipley, as next friend of Alexa Shipley, filed a motion for paternity testing in the Mississippi County case, alleging that Nicholas is Alexa's biological

father.[1] In a December 19, 2019 order, the circuit court granted the motion to determine if Alexa is a "proper heir" to Nicholas's estate. A motion for exhumation of Nicholas's body for DNA testing was filed on February 11, 2020, in the Mississippi County case. This motion alleged that if Nicholas is the father, Alexa would be entitled to bring a child-support action and also requested that the proceedings be stayed until "paternity could be established and back child support may be determined."

Also on February 11, 2020, in Washington County, Alexa filed a petition for back child support against the estate.[2] The estate moved to dismiss on August 26, 2020, arguing that it should be dismissed pursuant to Ark. R. Civ. P. 4(i) for failure to obtain service of process within 120 days and Ark. R. Civ. P. 12(b)(8) because there was an action for paternity pending in Mississippi County. The motion also alleged that it should be dismissed with prejudice under Ark. Code Ann. § 28-9-209(d) (Repl. 2012) because Alexa did not pursue the action or assert a claim against the estate within 180 days of Nicholas's death.

In a September 15 response, Alexa argued that the service deadline under Rule 4(i) was suspended on April 28, 2020, due to the COVID-19 pandemic; she was not a party to the Mississippi County case when she filed her petition for back child support; she had not filed a petition for back support in any other court; and under Ark. Code Ann. § 9-14-105(e) (Supp. 2021), a petition for back support may be filed at any time up to and including five years from the date the child reaches eighteen.

---

[1]Barbara is Alexa's mother.

[2]Alexa turned eighteen on February 11, 2020, and filed the child-support petition on her on own behalf.

On November 2, 2020, the circuit court entered an order of dismissal finding only that Alexa's petition should be dismissed pursuant to Rule 12(b)(8). It further directed Alexa to refile the petition in Mississippi County. Alexa filed a motion and consolidated brief for reconsideration on November 16. A notice of appeal was filed on December 11, 2020, appealing from the November 2 order. An amended notice of appeal was filed on December 17, appealing from both the November 2 order and the denial of the motion for reconsideration.[3]

A circuit court's decision on a motion to dismiss is generally reviewed under an abuse-of-discretion standard. *DeSoto Gathering Co., LLC v. Hill*, 2018 Ark. 103, at 4, 541 S.W.3d 415, 417. The construction of a court rule, however, is a question of law, which is reviewed de novo. *Id.*

Alexa contends that *DeSoto Gathering Co.* supports reversal in this case. In that case, our supreme court addressed the dismissal of a case under Rule 12(b)(8):

> Pursuant to Rule 12(b)(8), the "pendency of another action between the same parties arising out of the same transaction or occurrence" can be raised as a defense to a complaint filed by a plaintiff. The Reporter's Note to Rule 12 indicates that this provision is based on an earlier statute, Arkansas Statutes Annotated section 27-1115(3) (Repl. 1962), which listed as one of the grounds for a demurrer, "[t]hat there is another action pending between the same parties for the same cause[.]" We have consistently interpreted that statute, as well as Rule 12(b)(8), as applying only to prohibit identical actions from proceeding between identical parties in two different courts of this state. *Potter v. City of Tontitown*, 371 Ark. 200, 264 S.W.3d 473 (2007); *Patterson v. Isom*, 338 Ark. 234, 992 S.W.2d 792 (1999); *Nat'l Bank of Com. v. Dow Chem. Co.*, 327 Ark. 504, 938 S.W.2d 847 (1997); *Tortorich v. Tortorich*, 324 Ark. 128, 919 S.W.2d 213 (1996). We have indicated that the matter is one of venue; thus, Rule 12(b)(8) is not implicated when one of the actions is in a different jurisdiction, such as federal court. *Potter, supra*; *Dow Chem., supra*. In *Mark Twain Life Insurance Corp. v. Cory*, we stated that the rule is intended to discourage a multiplicity of suits and to protect the defendant from "double

---

[3]The circuit court did not rule on the motion for reconsideration. Pursuant to Rule 4(b)(1) of the Arkansas Rules of Appellate Procedure–Civil, it was deemed denied on the thirtieth day.

vexation from the same cause." 283 Ark. 55, 59, 670 S.W.2d 809, 812 (1984). We have also noted that under our common law, when the same action is pending in different courts with concurrent jurisdiction, the first court to exercise jurisdiction rightfully acquires control. *Patterson*, *supra*; *Tortorich*, *supra*. This prevents two different judgments with respect to the same issues, which would lead to confusion and "calamitous results." *Patterson*, 338 Ark. at 240, 992 S.W.2d at 796.

*DeSoto Gathering Co.,* 2018 Ark. 103, at 4–5, 541 S.W.3d at 417–18.

In that case, DeSoto was a company subject to ad valorem property taxes in Faulkner County and challenged the Faulkner County assessor's valuation of its 2012 personal property tax before the Faulkner County Board of Equalization, which affirmed the assessments. DeSoto appealed to the Faulkner County Circuit Court, and Angela Hill (the Faulkner County assessor) moved to dismiss on multiple grounds. During the valuation appeal, DeSoto learned that a property referred to as the Cove Creek property was actually located in Conway County but had been included in the 2012 ad valorem assessment in Faulkner County. DeSoto also found a list of intangible property that it claimed had been erroneously assessed by Hill. As a result, DeSoto met with Hill in September 2013 to discuss the assessment errors. Hill agreed to correct the 2013 and 2014 assessments but refused to remove them from the 2012 assessment. DeSoto paid the 2012 taxes in October 2013 pursuant to an agreed escrow order in the valuation appeal.

Then, on December 1, 2015, DeSoto filed a refund claim of its 2012 ad valorem taxes pursuant to Ark. Code Ann. § 26-35-901 in the Faulkner County Court, which was based on the erroneous assessment of the Cove Creek property and exempt intangible items. Hill moved to dismiss based on the pendency of the 2012 valuation appeal, arguing that it must be dismissed under Rule 12(b)(8) because it involved the same parties and arose out of the same occurrence. The county court agreed, and DeSoto appealed to the Faulkner County Circuit Court. Hill

4

again moved to dismiss based on Rule 12(b)(8), and the circuit court agreed. DeSoto appealed, and our supreme court reversed.

On appeal, DeSoto argued that although the valuation and refund actions both stemmed from the 2012 assessment of its property, the "object, legal basis, and remedy for each were fundamentally different." 2018 Ark. 103, at 6, 541 S.W.3d at 418. The supreme court agreed, reasoning that the valuation and refund claims are governed by separate statutory procedures and involved different issues. *Id*. at 7, 541 S.W.3d at 419.

The court further stated that the timelines set out in the relevant statutes supported DeSoto's argument, explaining the differences in the timelines for appealing an erroneous assessment and making a claim for a refund. Our supreme court indicated that the statutory requirements contemplated separate actions for a valuation appeal and a refund claim. In conclusion, the supreme court held that DeSoto's refund action was not barred by the "same transaction or occurrence" provision in Rule 12(b)(8); thus, the circuit court erred in dismissing the complaint on this basis. *Id*. at 8, 541 S.W.3d at 419.

In the present action, Alexa argues that the action for back child support in Washington County and the probate case in Mississippi County are not identical actions. She notes that they are governed by separate statutory provisions. She argues that the probate case administering the distribution of the proceeds of Nicholas's estate and tort settlement does not include any suit against Nicholas or the administrator of his estate for back child support unlike the present case where the only issue is entitlement to child support. Alexa contends that the action for back child support and the probate case involve neither "identical actions" nor "identical parties."

We disagree with Alexa that *DeSoto* warrants reversal in this case. Although Alexa argued below that she was not a party to the probate action, she acknowledges in her statement of the case that she has participated in the probate matter at least to establish Nicholas's paternity, including filing a motion to exhume his body. The circuit court in Mississippi County entered an order granting Alexa's motion for paternity testing on December 26, 2019, which provides that it is based on the "Motion to Establish Paternity of Alexa Shipley."

Under Arkansas Code Annotated section 9-10-104 (Repl. 2020), a petition for paternity for a child born outside of marriage may be filed by a biological mother, a putative father, a person for whom paternity is not presumed or established by court order, or the Office of Child Support Enforcement. Arkansas Code Annotated section 9-14-105(c) provides that "[a]ny person eighteen (18) years of age or above to whom support was owed during his or her minority may file a petition for a judgment against the nonsupporting parent or parents." An establishment of paternity is required before child support can be awarded.

Here, Alexa chose to seek a determination of paternity in Mississippi County. Venue for a paternity action shall be in the county where the plaintiff resides or, in cases involving a juvenile, in the county where the juvenile resides. Ark. Code Ann. § 9-10-102(c) (Repl. 2020). In her motion for paternity testing, Alexa alleged that venue was proper, and appellee did not challenge venue. Further, Arkansas Code Annotated section 9-10-102(f) provides that the court where the final decree of paternity is rendered shall retain jurisdiction of all matters following the decree but does allow for transfer in certain situations.

Because Alexa chose to establish paternity in the Mississippi County case, which was allowed by the circuit court and unobjected to by appellee, we disagree that *DeSoto* warrants reversal of the circuit court's decision. The supreme court in *DeSoto* concluded that the

valuation and refund claims were governed by separate statutory procedures and involved different issues and that the statutory requirements for a valuation claim and a refund claim contemplated separate actions. Although an action to establish paternity is not identical to an action for child support, they are intertwined because child support cannot be awarded unless paternity is established. Alexa chose to establish paternity in Mississippi County. If paternity is established in the Mississippi County case, our statutes provide that that court shall retain jurisdiction of all matters following unless it is transferred. Unlike *DeSoto*, separate actions are not contemplated. Additionally, the supreme court noted that under our common law, when the same action is pending in different courts with concurrent jurisdiction, the first court to exercise jurisdiction rightfully acquires control. *DeSoto Gathering Co.*, 2018 Ark. 103, at 5, 541 S.W.3d at 418. Here, Mississippi County was the first court to exercise jurisdiction.

In light of the facts of this case, we affirm the circuit court's decision to dismiss the child-support case filed by Alexa in Washington County.

Affirmed.

VAUGHT and MURPHY, JJ., agree.

*Cadell Reynolds, P.A.*, by: *Bill G. Horton*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Elliott & Smith Law Firm*, by: *Don R. Elliott, Jr.*, for appellee.