Cite as 2023 Ark. App. 311

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-22-491

| | | |
|---|---|---|
| | | Opinion Delivered May 24, 2023 |
| KRISTIAN NELSON | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION |
| V. | | [NO. 60CV-21-6940] |
| ERIC FULLERTON | APPELLEE | HONORABLE MACKIE M. PIERCE, JUDGE |
| | | AFFIRMED |

**MIKE MURPHY, Judge**

Appellant Kristian Nelson appeals the order of the Pulaski County Circuit Court dismissing his case against appellee Eric Fullerton with prejudice pursuant to Arkansas Rule of Civil Procedure 12(b)(8). On appeal, he argues that this was erroneous. We affirm.

On October 28, 2021, appellant Kristian Nelson, acting pro se, filed suit against Gina and Eric Fullerton; MGK, LLC; and Pinnacle Valley Restaurant, LLC. That case was docketed as case No. 60CV-21-6940 and is the case from which this appeal stems. On November 2, Nelson, acting through counsel, filed the exact same claims against the same parties as a counterclaim in case No. 60CV-16-5830. That case had begun in October 2016 when MKG, LLC, filed suit against Nelson and two other parties not part of this appeal; it was later consolidated with a suit Nelson had brought against the appellees in Jefferson County. Nelson's claims against the appellees were eventually ostensibly dismissed without

prejudice for want of prosecution. A copy of the alleged dismissal was never made part of this record.

Only limited filings from case No. 60CV-16-5830 were made part of this record on appeal through inclusion as exhibits in this case and discussion at the hearing below.

Nelson never perfected service as to MGK, LLC; Gina Fullerton; and Pinnacle Valley Restaurant, LLC, in this case before us today. On February 17, 2022, Eric Fullerton, citing the November 2 counterclaim from case No. 60CV-16-5830, moved to dismiss based on Arkansas Rule of Civil Procedure 12(b)(8), which provides a defense in the event of an existing pending action between the same parties arising out of the same transaction or occurrence. At the hearing on the motions to dismiss, counsel made the following argument:

NELSON'S COUNSEL: With respect to Case Number 60CV-16-5830, that matter is no longer a pending matter per Judge Griffen's order of dismissal without prejudice. And the Court can correct me if I'm wrong, but that matter was dismissed as to all parties involved on November 2nd of 2020. That is not, as I understand it, a pending matter. . . . And on October 28, Mr. Nelson filed ~ yes, refiled the claim that was pending prior or previously in Judge Griffen's court. Mr. Nelson has provided me with a receipt for the filing as well as a summons fee which was received by the Pulaski County Circuit Clerk's office ~ if I can get that date correct, Your Honor ~ October 28, 2021.

. . . .

APPELLEES' COUNSEL: The claim is open in Judge Griffen's court. . . .It is an open counterclaim there that he filed his appearance in, that they got summons in, that they had ~ they served in. That is open. . . . [T]his should be dismissed without prejudice.

2

In the resulting order, the court found in pertinent part that

> [Nelson's] October 28, 2021 complaint as against Defendant Eric Fullerton is dismissed with prejudice under Arkansas Rule of Civil Procedure 12(b)(8), as there is a pending matter between [Nelson] and Defendant Eric Fullerton arising out of the same transaction or occurrence, specifically, the November 2, 2021 claims by [Nelson] against Fullerton pending in 60CV-16-5830. This is the second dismissal of those causes of action against defendant Fullerton with the initial dismissal being the November 2, 2020 dismissal without prejudice in 60CV-16-5830.

Nelson appealed; on appeal he argues that the circuit court erred in dismissing his claims against Eric Fullerton.

We review a circuit court's decision dismissing a complaint pursuant to Arkansas Rule of Civil Procedure 12(b)(8) de novo. *Shipley v. Gardner*, 2022 Ark. App. 22, at 3. Pursuant to Rule 12(b)(8), the "pendency of another action between the same parties arising out of the same transaction or occurrence" can be raised as a defense to a complaint filed by a plaintiff. We have consistently interpreted Rule 12(b)(8) as applying only to prohibit identical actions from proceeding between identical parties in two different courts of this state. *Shipley*, 2022 Ark. App. 22, at 3.

Nelson argues in a conclusory and unconvincing manner that, pursuant to Arkansas Rule of Civil Procedure 41(b), he "is entitled to a de novo review on the merits of his complaint." Despite citing Rule 41, he makes no cogent or persuasive legal argument why that rule is relevant to the issue before us or why the circuit court specifically erred in dismissing his complaint under the facts of this case. It is axiomatic that this court will not consider arguments that are unsupported by convincing argument or sufficient citation to legal authority. *Mann v. Pierce*, 2016 Ark. 418, 505 S.W.3d 150. It is a well-settled principle

3

of appellate law that we will not make a party's argument for him or her. *Foster v. Est. of Collins*, 2017 Ark. App. 65, 511 S.W.3d 900. As such, we must affirm.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Malcolm A. Simmons*, for appellant.

*WH Law*, by: *Chris W. Burks*, for appellees.