Cite as 2024 Ark. App. 281

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-22-605

|  |  |
|---|---|
| ESTATE OF MRS. GEORGE HOWARD, JR. (VIVIAN) <br><br> APPELLANT <br><br> V. <br><br> DR. JOHN HARRIS <br><br><br> APPELLEE | **Opinion Delivered** April 24, 2024 <br><br> APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-21-588] <br><br> HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE <br><br> REMANDED TO SETTLE AND SUPPLEMENT THE RECORD |

## WAYMOND M. BROWN, Judge

Risie Howard, administratrix for the estate of Mrs. George Howard, Jr. ("Estate"), appeals from an order of the Jefferson County Circuit Court dismissing with prejudice Estate's wrongful-death action against Howard's primary-care physician, Dr. John Harris. On appeal, Estate argues that the circuit court erred in finding that (1) service of process was insufficient; (2) identical claims were pending in two state courts; and (3) the voluntary dismissal of a prior federal case mandated that dismissal be with prejudice. Finding the record before us deficient, we remand to settle and supplement the record.

On July 14, 2021, Estate filed a complaint in the United States District Court for the Eastern District of Arkansas against Baptist Health (A.K.A. Baptist Health Home Health Network); Diamond Risk Insurance Co., L.L.C.; and three individually named defendants—Leah Willett, RN; Alicia Brucks, speech language pathologist; and Jane Doe, a Baptist Home Health physical therapist. Estate

asserted claims of fraudulent concealment, breach of contract, negligence, pain and suffering, failure to diagnose, wrongful death, abuse, and loss of parental consortium. Estate voluntarily nonsuited the federal complaint on July 27.[1]

Estate then filed a state action in the Pulaski County Circuit Court. On September 29, with the Pulaski County case pending, Estate filed suit in another state court, the Jefferson County Circuit Court. Dr. Harris moved to dismiss the Jefferson County action. On June 6, 2022, the circuit court granted Dr. Harris's motion to dismiss with prejudice. Estate now appeals.

On appeal, Estate makes several arguments, one of which is that the circuit court erred in granting Dr. Harris's motion to dismiss pursuant to Arkansas Rule of Civil Procedure 12(b)(8). This court has consistently held that Rule 12(b)(8) prohibits identical cases from proceeding in different courts within the state.[2] Here, the circuit court found that an action filed by Estate against the same defendant—Dr. Harris—with identical claims was pending in Pulaski County. Estate contends that the two pending state cases are not identical actions because neither the parties nor the claims are identical. However, the complaint filed in the Pulaski County Circuit Court is absent from the record. Such evidence is essential to our complete and thorough review of the issues on appeal. Without the Pulaski County complaint, we are unable to determine whether the parties and/or claims were identical in the two then pending cases. Further, Estate argues that the voluntary dismissal of the federal case did not mandate that dismissal in the instant case be with prejudice. As to this argument, we note that the record is missing the dismissal order granting Estate's motion to

---

[1] This information is according to the appellate briefs and the order of dismissal in the instant case. The record before this court does not contain a dismissal order from the federal action.

[2] *Tortorich v. Tortorich*, 324 Ark. 128, 919 S.W.2d 213 (1996).

nonsuit the federal case. Arkansas Rule of Appellate Procedure–Civil 6(e) provides that if anything material to either party is omitted from the record, this court may direct that the record be settled and supplemented and that a supplemental record be certified and transmitted. Therefore, because the record before us does not contain all the items necessary for our review, we remand the matter to the circuit court to settle the record by including the complaint filed in the Pulaski County Circuit Court action and the order granting dismissal in the federal case. Thereafter, Estate has fifteen calendar days to settle and supplement the record on appeal.

Remanded to settle and supplement the record.

WOOD and HIXSON, JJ., agree.

*Goerge Howard Jr. Legal Center, L.L.C.*, by: *Risie Howard*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Gary D. Marts, Jr.*, and *Scott D. Provencher*, for appellee.